**TOBACCO AND ALLIED STOCKS,**
Inc., et al.,

v.

**TRANSAMERICA CORPORATION,**
Howard S. Cullman et al.,
Appellants.

No. 12070.

United States Court of Appeals
Third Circuit.

Argued May 14, 1957.

Decided June 11, 1957.

Rehearing Denied July 8, 1957.

Daniel O. Hastings, Stewart Lynch, Wilmington, Del. (Clarence W. Taylor, Wilmington, Del., Samuel J. Silverman, Edward N. Costikyan, New York City, Hastings, Lynch & Taylor, Wilmington, Del., Paul, Weiss, Rifkind, Wharton & Garrison, New York City, on the brief), for appellants.

Edwin D. Steel, Jr., Wilmington, Del. (Morris, Steel, Nichols & Arsht, Wilmington, Del., Gerhard A. Gesell, Covington & Burling, Washington, D. C., William S. Megonigal, Jr., Wilmington, Del., Stanley L. Temko, David E. McGiffert, Washington, D. C., on the brief), for Transamerica Corp.

Before STALEY and HASTIE, Circuit Judges, and SORG, District Judge.

STALEY, Circuit Judge.

The acquisition by Transamerica Corporation in 1942 of stock of Axton-Fisher Tobacco Company from minority stockholders and the subsequent liquidation of the latter company provide the basis for this appeal. Other phases of this litigation have been before the court on several occasions. Geller v. Transamerica Corp., 3 Cir., 1945, 151 F.2d 534; Zahn v. Transamerica Corp., 3 Cir., 1947, 162 F. 2d 36, 172 A.L.R. 495; Speed v. Transamerica Corp., (3 cases), 3 Cir., 1956, 235 F.2d 369.

The district court dismissed the present action with prejudice on the ground that plaintiffs were barred by the statute of limitations (10 Del.Code § 8106) and laches. D.C.Del.1956, 143 F.Supp. 323. This appeal followed. Thus, the question on the merits as to whether Transamerica perpetrated a fraud on the minority stockholders of Axton-Fisher herein involved and harbored a preconceived plan to liquidate and reap a profit from the enhanced value of Axton-Fisher's inventory is not before the court.

As previously noted, Transamerica, the majority stockholder in Axton-Fisher, acquired shares from minority stockholders in 1942, and more shares were acquired in 1943. Related class actions were brought in 1944 by other minority shareholders, and it was held that Transamerica was liable for fraud in failing to disclose the true value of Axton-Fisher's inventory and the plan to liquidate. Speed v. Transamerica Corp., supra.

The complaint in the present case was filed on July 10, 1952. Appellees contend that this case is within the concurrent jurisdiction of law and equity, and is therefore barred by the Delaware three-year statute of limitations. Appellants take the position that the action is purely equitable, and the time limitation must be measured by the doctrine of laches. For the purposes of this appeal, we will assume, without deciding, that this action is exclusively equitable. Whether at equity or law, however, we must determine when the time limitation is to commence running. It is a rule of general application in fraud cases that the statute of limitations begins to run, or laches to attach, when the fraud is discovered by plaintiff or when it could have been discovered by him with due diligence or care on his part. See Bailey v. Glover, 1874, 21 Wall. 342, 22 L.Ed. 636. The district court held that plaintiffs in the present case were barred by laches because they could have discovered the fraud by the exercise of due diligence at least by April 6, 1948. It

**904**

was on that date that the presentation of plaintiffs' evidence in the Speed, Friedman, and Zahn cases [235 F.2d 369] was complete. The district court made extensive findings of fact, carefully supported by the record, which clearly indicate that all of the plaintiffs herein or their agents knew or should have known on April 6, 1948, or earlier, of facts indicating a plan to liquidate Axton-Fisher. Appellants, on the other hand, contend that laches should attach with the filing of the opinion of the district court in the Speed, Friedman, and Zahn cases, that is, on August 8, 1951. It was only after that date, appellants urge, that they knew of the fraud. To have such knowledge of fraud as will begin the operation of laches, however, a legal adjudication of the question of fraud is hardly necessary. It is sufficient if facts come to plaintiffs' attention that would warrant the inferences which reasonable men would draw, and that would put reasonable men on inquiry to protect their rights.

The district court found that prejudice has resulted to defendant by plaintiffs' delay. Principal witnesses have died, and memories have dimmed with the passage of time. It would be inequitable to require Transamerica to defend the action at this late date.

The district court found as a fact that plaintiffs had or should have had knowledge of the fraud by April 6, 1948. It also found that the delay prejudiced defendants. We are unable to say that these findings were clearly erroneous. In the exercise of its sound discretion, the district court decided that the doctrine of laches barred plaintiffs. In the present circumstances the conclusion was not so clearly wrong that it was an abuse of that discretion, and we will not disturb it. City of Erlanger v. Berkemeyer, 6 Cir., 207 F.2d 832, 840, certiorari denied, 1953, 346 U.S. 915, 74 S. Ct. 275, 98 L.Ed. 411.

The judgment of the district court will be affirmed.