Gilda SHAPIRO, Plaintiff,

v.

Saul SCHWAMM and Helen Schwamm and Saul Schwamm as Trustee for Jessica D. Schwamm d/b/a Schwamm & Co., Defendants.

No. 66 Civ. 4172.

United States District Court
S. D. New York.

Jan. 8, 1968.

---

Harry Salvan, New York City, for plaintiff.

Havens, Wandless, Stitt & Tighe, New York City, Paul M. Brown, New York City, of counsel, for defendants.

MOTLEY, District Judge.

### Memorandum Opinion And Order On Reargument

This is an action to rescind the sale of municipal bonds made by defendants to plaintiff. The amount sought to be recovered by plaintiff is the sum of $46,-551.57 which she allegedly advanced to defendants for the purchase of said bonds. Plaintiff seeks to recover the further sum of $12,381.86 which she al-

leges she was required to advance to defendants to cover margin requirements, so that the previous sum allegedly advanced would be protected.

The complaint alleges that defendant Schwamm and Co. is a registered securities dealer and underwriter registered with the Securities and Exchange Commission. As to federal law violations, the complaint alleges that defendants violated Section 12(2) of the Securities Act of 1933. 15 U.S.C. § 77l(2).[1] The factual allegations of the complaint are, in essence, as follows: 1) defendant Saul Schwamm, acting for and on behalf of the other defendants, made oral representations to plaintiff which were false with respect to his experience and skill in the municipal bond field, the source from which the bonds would be purchased, and the amount of interest plaintiff would earn on her investment; 2) the sales made to plaintiff by defendants consisted of selling her securities which involved the use of instruments of transportation and communication in interstate commerce and use of the mails; 3) plaintiff, in reliance on said representations delivered to defendant the sum of $46,551.57 between December 1961 and December 1, 1964; 4) defendant, Saul Schwamm, after receipt of said sum, conspired with the other defendants and other employees of defendants to manipulate the monies; 5) defendants did manipulate these funds by buying bonds on a margin from defendants' own portfolio, rather than on the open market, without the knowledge and consent of plaintiff and contrary to the representations made to plaintiff; 6) defendants knew full well that at the time the bonds were purchased by them in plaintiff's name they were not the type of bonds which defendants represented would be purchased; 7) the statements and representations made to plaintiff were false and fraudulent and were known to defendants to be false and fraudulent when made; 8) defendants never intended to purchase municipal bonds outright which would give plaintiff an 8% return, as represented by defendants, but the false statements were made to induce plaintiff to deposit the sum of $46,551.57 with defendants; 9) plaintiff did not know the truth with regard to said statements and representations and believed them to be true; 10) defendants made a profit by the purchase of bonds from their own portfolio; 11) by reason of the purchase of bonds on a minimum margin requirement, the rights of plaintiff were greatly endangered, plaintiff lost all of her money, and has been compelled, from time to time, to advance further monies, amounting to $12,381.86, to cover the margin requirements, all of which has been lost.

This action was instituted on December 6, 1966. Defendants moved to dismiss the complaint on the ground that the action is barred by the three year statute of limitations applicable to Sec-

1. Section 12(2) provides:
"Any person who
\* \* \* \* \*
(2) offers or sells a security (whether or not exempted by the provisions of section 3, other than paragraph (2) of subsection (a) thereof), by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission,
shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security."
The exemption referred to is sellers of municipal bonds, i. e. sellers of municipal bonds are expressly exempt from the burden of proof provision of this section. Thiele v. Shields, 131 F.Supp. 416 (S.D.N.Y.1955).

tion 12(2) actions and fails to state a cause of action thereunder.[2] Rule 12(b), Fed.R.Civ.P. By endorsement on the motion papers, the motion was denied on the ground that it was not clear from the moving and opposing papers that plaintiff's cause of action is barred by the cited statute of limitations because plaintiff's pleading could be interpreted to state a cause of action under Section 10 (b) of the Securities Act of 1934. 15 U.S.C. § 78j(b); Rule 10b–5, 17 C.F.R. 240.10, b–5; Rule 8(f) Fed.R.Civ.P.

After decision on the motion, defendants requested reargument upon the ground that this court had overlooked vital facts and points of law. Defendants claimed that the action was clearly barred by the applicable three year statute of limitations. Defendants' position was that the facts before the court showed that there had been no sale to plaintiff since August 23, 1963 and no action could be brought more than three years after a sale. Defendants also contended that even if maintainable as a Section 10 (b) action, such an action must be commenced within two years of the discovery of the fraud alleged. In support of this contention, defendants cited two provisions of the New York Civil Practice Law and Rules i. e. Sections 213(b) and 203(f).[3] In the alternative, defendants sought a reference of the issue of the applicability of the statute of limitations to a master or referee "pursuant to the Federal Rules of Civil Procedure, including Rules 12, 26, 53, 56 and 60, and within the general power and discretion of this Court." As a second alternative, defendants sought leave to appeal to the Court of Appeals for this Circuit. 28 U.S.C. § 1292(b) and Rule 73(a) (4), Fed.R.Civ.P. All requested relief was denied.

A hearing was granted on the applicability of the three year statute of limitations to plaintiff's cause of action under Section 12(2). Upon that hearing, plaintiff failed to produce any evidence of a sale to her by defendants after August 23, 1963, and plaintiff conceded that there was none. Consequently, any action under Section 12(2) would be barred. Moreover, sellers of municipal bonds are not liable for innocent or negligent misstatements under Section 12(2).[4]

■ Although Section 10(b) does not prescribe private civil remedies for a violation thereof, the Court of Appeals for this Circuit has ruled that since the action which Section 10(b) proscribes is made unlawful thereby, it creates a remedy, and the courts have recognized the enforceability of the rights created by Section 10(b) in both law and equity. Fischman v. Raytheon Mfg. Co., 188 F. 2d 783 (2d Cir. 1951); Weber v. C. M. P. Corp., 242 F.Supp. 321 (S.D.N.Y. 1965); Thiele v. Shields, 131 F.Supp. 416 (S.D.N.Y.1955); Ellis v. Charter, 291 F.2d 270 (9th Cir. 1961); Matheson v. Armbrust, 284 F.2d 670 (9th Cir. 1960), cert. denied, 365 U.S. 870, 81 S.Ct. 904, 5 L.Ed.2d 860 (1961); Errion v. Connell, 236 F.2d 447 (9th Cir. 1956); Fratt v. Robinson, 203 F.2d 627, 37 A.L.R.2d

2. Section 13 of the 1933 Act, 15 U.S.C. ¶ 77m, provides:

No action shall be maintained to enforce any liability created under section 11 or section 12(2) unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 12(1), unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under section 11 or section 12(1) more than three years after the security was bona fide offered to the public, or under section 12(2) more than three years after the sale.

3. There is no section 213(b) of the New York C.P.L.R. Defendants apparently intended to refer to section 213(6) which was amended in 1965 and now appears as section 213(9).

4. See, Section 17(a) and (c) of the 1933 Act, 15 U.S.C. § 77q(a) and (c); Thiele v. Shields, 131 F.Supp. 416 (S.D.N.Y. 1955).

636 (9th Cir. 1953); Tobacco and Allied Stock, Inc. v. Transamerica Corp., 143 F.Supp. 323 (D.Del.1956), aff'd 244 F.2d 902 (3rd Cir. 1957).

■■ The 1934 Act does not contain a statute of limitations applicable to Section 10(b) actions. However, when a liability created by federal statute is enforceable in both law and equity, and the Congress has provided no statute of limitations, the applicable state statute of limitation applies. Cope v. Anderson, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602 (1947).

In Fischman v. Raytheon Mfg. Co., supra; the Second Circuit held that the former six year New York statute applicable to fraud actions applies to Section 10(b) actions "at law". New York Civil Practice Act § 48(5); accord, Fratt v. Robinson, supra.

In Tobacco and Allied Stock, Inc. v. Transamerica Corp., supra, the court held both the state statute and laches applicable to an action under Section 10(b) seeking both legal and equitable relief.

Contrary to defendants' contention, the applicable New York statutes now provide:

"Except as provided in article 2 of the uniform commercial code, where the time within which an action must be commenced is computed from the time when facts were discovered or from the time when facts could with reasonable diligence have been discovered, or from either of such times, the action must be commenced within two years after such actual or imputed discovery or within the period otherwise provided, computed from the time the cause of action accrued, whichever is longer." New York C.P.L.R. Section 203(f), as amended 1965.

\* \* \* \* \* \*

"The following actions must be commenced within six years:

1. an action for which no limitation is specifically prescribed by law;

\* \* \* \* \* \*

9. an action based upon fraud; the time within which the action must be commenced shall be computed from the time the plaintiff or the person under whom he claims discovers the fraud, or could with reasonable diligence have discovered it." New York C.P.L.R. § 213(1) and (9), as amended 1965.

■ Plaintiff commenced her dealings with defendants in December 1961. Even if plaintiff discovered the fraud immediately thereafter, by virtue of the very provision on which defendants rely, plaintiff could commence this action at any time within the six year period allowed, computed from the time the action accrued. If fraud had been discovered by plaintiff after the six year period had elapsed, then her suit must be brought within two years thereafter.

■■ When plaintiff discovered the fraud and whether plaintiff's action is now barred by laches are questions which should await the trial on the merits of the issue of fraud. No summary judgment will be granted, as requested by defendants, as to any of the issues now left for trial as defendants disclaim any fraud with as much vigor as plaintiff asserts fraud. Laches might be applicable here despite the six year statute of limitations since plaintiff seeks to enforce her rights in equity. Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946); Tobacco and Allied Stocks v. Transamerica Corp., supra.

The prior order of this court denying defendants' motion to dismiss is affirmed.

So ordered.