Margaret MORGAN, Plaintiff-Appellant,

v.

Walter G. KOCH,. Ivan H. Morgan, Morgan Packing Co., Inc., Herman C. Krannert and Inland Container Corp., Defendants-Appellees.

No. 17447.

United States Court of Appeals
Seventh Circuit.

Dec. 4, 1969.

Rehearing Denied Dec. 29, 1969.

John P. Price, Robert A. Rose, Indianapolis, Ind., George N. Craig, Brazil, Ind., Klineman, Rose & Wolf, Hamill & Price, Indianapolis, Ind., of counsel, for appellant.

Telford B. Orbison, James E. Bourne, New Albany, Ind., Fred P. Bamberger, Evansville, Ind., Theodore R. Dann, Douglass R. Shortridge, Indianapolis, Ind., Bamberger, Foreman, Oswald & Hahn, Evansville, Ind., Orbison, Rudy & O'Connor, New Albany, Ind., McHale, Cook & Welch, Dann, Backer, Pecar & Newman, Indianapolis, Ind., of counsel, for appellees.

Before KILEY, FAIRCHILD and CUMMINGS, Circuit Judges.

CUMMINGS, Circuit Judge.

This action was for violation of Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and SEC Rule 10b–5 and for fraud under the common law of Indiana. The only question we find necessary to decide is whether the action is barred by the Indiana 6-year statute of limitations governing suits for fraud.

In the original complaint, the plaintiff sought rescission of the sale of her stock in defendant Morgan Packing Co., Inc. to Walter G. Koch. She also sought damages of $1,337,500 (including exemplary damages), claiming that she sold her stock at $90 per share whereas it was worth $300 per share. After a pretrial hearing, plaintiff abandoned all equitable issues.

This cause of action concerns stock in Morgan Packing Co., Inc., an Austin, Indiana, cannery formerly operated as a family partnership. Plaintiff was admitted as a partner in 1934. In 1949, the partnership was changed to a corporation, with the control remaining in various members of the Morgan family. At this time, the company required substantial financing, necessitating a voting

trust agreement among the stockholders. Plaintiff's brother, Ivan H. Morgan, was appointed as voting trustee for the trust, which was to remain in effect until February 15, 1966. Voting trust certificates were issued to the stockholders whose stock was placed in the voting trust.

Plaintiff's brother, Ivan H. Morgan, became president of the company upon its incorporation in 1949. After suffering substantial losses from 1953 through 1955, the company has enjoyed substantial profits. In 1956, the plaintiff and other stockholders who were dissatisfied with her brother's operation of the company sued him and the company. In turn, he and the company filed suit against the plaintiffs. A third state court suit by plaintiff and others asked for her brother's removal as voting trustee. Thereafter, counsel for the state court litigants negotiated for the sale of the shares belonging to plaintiff and the other dissident stockholders to the company or to her brother. These negotiations failed because the parties could not agree upon a price for the stock.

In September 1957, an Indianapolis broker contacted plaintiff and the other dissident shareholders with regard to a sale of their interests. The next month, he produced defendant Walter G. Koch of Evansville, Indiana, as a prospective purchaser. The sale was discussed by Koch during a visit to plaintiff's home. This meeting was attended by Koch, the broker, the plaintiff, and her sister and brother-in-law, Mr. and Mrs. Thomas N. Lyons. This was plaintiff's only meeting with Koch. Plaintiff claims that at the beginning of this conference, she and her sister indicated to Koch that they would be unwilling to sell their stock if he was associated with her brother or defendant Herman G. Krannert, another director of the company. Plaintiff asserts that Koch replied that he did not know her brother and was buying the stock for himself. He said that he expected to run the company, and her brother would not be connected with its management. This story is substantially corroborated by plaintiff's sister, Mrs. Lyons. Koch, on the other hand, contends that he told plaintiff and her sister that he knew Mr. Krannert and that he would not fire Mr. Morgan because he was needed in the operation of the business.

On October 23, 1957, plaintiff and the other dissident stockholders agreed to sell their approximately 20,000 shares of stock to Koch for $90 per share. At the same time, they assigned their pending state court claims to Koch, who then dismissed those actions. Defendants Krannert and Inland Container Corporation, which he controlled, assisted Koch in obtaining the financing for the stock purchase. On November 8, 1957, the sale transaction was closed and plaintiff received $487,500 for her stock.

After purchasing the stock, Koch became chairman of the board of the Morgan Packing Company. He did not, however, remove plaintiff's brother from his position as the corporation's president. In October 1958, Koch sold his stock to a third party, who then transferred it to the company. Shortly thereafter, Koch left his position with the company and was employed by defendant Inland Container Corporation in 1959.

On October 31, 1958, after the packing company reacquired plaintiff's shares, it filed a statement with the Indiana Secretary of State, cancelling the 20,000 shares it had purchased from its stockholders and reducing its authorized capital stock to 10,000 shares. As a result of these transactions, Ivan H. Morgan and members of his family owned all of the 9,166⅔ shares of stock outstanding.

Plaintiff, a qualified psychiatrist, was born and raised in Austin, Indiana, which is a small, rural community located in the southern part of the state. After the 1957 sale of her stock, she frequently visited her mother and sister at their Austin residences. She asserts that she only discovered Koch's misrepresentations when the true facts were brought to her attention by her nephew in 1964 and by an Internal Revenue agent in

1965. In December 1966, she filed the original complaint in this action.

At the conclusion of plaintiff's opening statement, the district court held that the common law cause of action was barred by the 6-year Indiana statute of limitations governing frauds, for counsel did not accept the court's invitation to disclose any concealment that would toll the statute. At the close of plaintiff's case, the court directed a verdict as to the cause of action based on the Securities Exchange Act of 1934 and Rule 10b–5, holding this claim barred by laches and the statute of limitations. The court also concluded that plaintiff's evidence was insufficient as a matter of law with respect to the essential elements of the federal cause of action. Detailed findings of fact and conclusions of law were entered. The only findings of fact disputed by the plaintiff are that plaintiff knew or should have known in November 1957 through her counsel that Koch was affiliated with the other defendants in purchasing her stock. In affirming, we place no weight on those findings, nor do we decide whether plaintiff failed to prove a violation of the securities laws. We conclude that as a matter of law, plaintiff failed to present evidence of due diligence sufficient to justify submission of the question of the statute of limitations to the jury.

### The Defense of Laches

In the amended complaint, as modified after the pretrial hearing, the plaintiff abandoned her equitable claims for rescission and sought only damages. The two causes of action espoused by the modified complaint were (1) a violation of Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and of SEC Rule 10b–5 and (2) a pendent *Indiana common law action for fraud.* In lengthy findings of fact and conclusions of law, the district court sustained the defense of laches to both these actions and granted defendants' motions to dismiss. This was erroneous in view of plaintiff's abandonment of all equitable claims.

By virtue of plaintiff's modification of the amended complaint, the action became one strictly at law, so that the doctrine of laches was inapplicable. Where, as here, a litigant is seeking to enforce federal and state rights in law only, the applicable statute of limitations controls rather than laches. Cope v. Anderson, 331 U.S. 461, 463, 464, 67 S.Ct. 1340, 91 L.Ed. 1602; Holmberg v. Armbrecht, 327 U.S. 392, 395–396, 66 S.Ct. 582, 90 L.Ed. 743; Russell v. Todd, 309 U.S. 280, 289, 60 S.Ct. 527, 84 L.Ed. 754; Swan v. Board of Higher Education, 319 F.2d 56, 59 (2d Cir. 1963). Under those authorities, the doctrine of laches would not apply even if this plaintiff were still alternatively seeking equitable relief. As stated in Myzel v. Fields, 386 F.2d 718, 742 (8th Cir. 1967), certiorari denied, 390 U.S. 951, 88 S.Ct. 1043, 19 L.Ed.2d 1143, where the plaintiffs also sought damages for violation of Section 10(b) of the Act and Rule 10b–5:

> "The fact that plaintiffs' original prayer was for recision or for damages in the alternative would not change the applicability of the state limitations statute as opposed to laches."

Accordingly, the trial court should not have sustained the defense of laches in this case.

### The Federal Cause of Action

Defendants also raised the statute of limitations as a defense in bar of this action. In adjudicating claims for relief "at law" based upon federally created rights, federal courts have long referred to state statutes of limitations in the absence of any applicable federal statute. Campbell v. City of Haverhill, 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280; Cope v. Anderson, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602; International Union, United Auto, etc., Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192; see also Holmberg v. Armbrecht, 327 U.S. 392, 395, 66 S.Ct. 582, 90 L.Ed. 743. This is also true of actions brought

under the Federal Securities Exchange Act and SEC Rule 10b–5. See Fratt v. Robinson, 203 F.2d 627, 634, 37 A.L.R.2d 636 (9th Cir. 1953); Errion v. Connell, 236 F.2d 447, 455 (9th Cir. 1956); Tobacco and Allied Stocks, Inc. v. Transamerica Corp., 244 F.2d 902 (3d Cir. 1957); 3 Loss, Securities Regulation, Ch. 11C, pp. 1771 et seq. (1961). In the present case, the parties have agreed that the Indiana 6-year statute governs such actions. Burns' Indiana Stat.Anno. Section 2–601 (1967 Replacement). The transfer took place in 1957 and this action was not commenced until December 1966, nine years later. Plaintiffs contend, however, that the doctrine of fraudulent concealment of the wrong operates to toll the statute in this case until plaintiff discovered the fraud in 1964 or 1965.

The federal doctrine of fraudulent concealment was first announced by the Supreme Court in Bailey v. Glover, 21 Wall. 342, 88 U.S. 342, 22 L.Ed. 636:

"* * * where the party injured by the fraud remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered, though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party." 21 Wall. at 348, 88 U.S. at 348.

Although introduced in equity, the rule has equal application in cases involving legal actions. Bailey v. Glover, 21 Wall. 342, 349, 88 U.S. 342, 349, 22 L.Ed. 636 (dictum); Moviecolor Limited v. Eastman Kodak Company, 288 F.2d 80, 90 A.L.R.2d 252 (2d Cir. 1961); Janigan v. Taylor, 344 F.2d 781, 784 (1st Cir. 1965). It is read into every federal statute of limitations (Holmberg v. Armbrecht, 327 U.S. 392, 397, 66 S.Ct. 582, 90 L.Ed. 743) including state statutes adopted by federal law in the absence of Congressional action. Allis-Chalmers Mfg. Co. v. Commonwealth Edison Co., 315 F.2d 558 (7th Cir. 1963); Laundry Equipment Sales Corp. v. Borg-Warner Corp., 334 F.2d 788 (7th Cir. 1964); Tobacco and Allied Stocks, Inc. v. Transamerica Corp., 244 F.2d 902 (3d Cir. 1957); Errion v. Connell, 236 F.2d 447, 455 (9th Cir. 1956).

■■ In cases of fraud, however, as in other cases, the statute of limitations does not toll automatically. The defendant's use of the statute must be repugnant to justice. The doctrine developed to prevent wrongdoers from concealing their actions and then perpetrating a further fraud by using the statute of limitations as a shield. As the Court remarked in Bailey v. Glover, 21 Wall. at 349, 88 U.S. at 349, such action would "make the law which was designed to pevent fraud the means by which it is made successful and secure." In addition, the statute is tolled only for those who remained ignorant through no fault of their own. Unawareness of facts or law, alone, does not justify suspending the operation of the statute. Tinkoff v. United States, 211 F.2d 890 (7th Cir. 1954); Laundry Equipment Sales Corp. v. Borg-Warner Corp., 334 F.2d 788 (7th Cir. 1964). The party seeking protection under this doctrine must have exercised reasonable care and diligence in seeking to learn the facts which would disclose fraud. Cf. United States v. Diamond Coal & Coke Co., 255 U.S. 323, 41 S.Ct. 335, 65 L.Ed. 660; Tobacco and Allied Stocks, Inc. v. Transamerica Corp., 244 F.2d 902 (3d Cir. 1957). The plaintiff's indifference to the true facts of the case is not enough to toll the statute. Under the circumstances of this case and considering the relationship between the various parties, the nature of the fraud alleged, and the subsequent actions of defendants, we agree with the district court that plaintiff failed to show due diligence on her part.

■ Prior to her sale to Koch, plaintiff had engaged in unsuccessful negotiations with her brother for his purchase of her stock as a means of ending the bitter dispute concerning the corporation and his role as trustee under the voting trust. That trust, which was to remain in effect for nine more years, virtually assured defendant Ivan H.

Morgan of control of the corporation. Accordingly, the district court concluded that a reasonable man would have inferred that the purchase must have been made for Ivan H. Morgan or the company rather than Koch. At the very least, these circumstances should have aroused suspicion or curiosity on the part of plaintiff. Neither before nor after her sale, however, did plaintiff ever attempt to check any of Koch's statements. She never inquired after the transaction concerning the fulfillment of her wishes. There is no evidence that she asked about the conduct of business of the company or its operation and reputation. During her frequent visits to her relatives' homes in Austin, she could easily have learned whether her brother remained as chief executive of the company and the status of Koch. She could have learned of Koch's sale of his Morgan Packing Company stock through public documents filed in 1958 in connection with the corporation's reduction of stock.

Defendants, on the other hand, made no effort to disguise their actions after the sale in 1957. There was nothing covert in the continuation of Ivan Morgan as chief operating officer of the company or in Koch's departure in 1958. After Koch purchased the stock in 1957, the three daily newspapers of general circulation in Indianapolis, where plaintiff resided, printed stories stating that Morgan was to remain in his current position in the company. In 1958, the transfers of stock by Koch and the company's purchase and retirement of those shares, leaving the Ivan H. Morgan family as the sole stockholders, were not hidden. Nor was the ultimate departure of Koch from the company to the employ of defendant Inland Container Corporation covered from public view.

Plaintiff has presented no evidence of any attempt to learn the true facts although she had every reason and means to do so. There being no evidence to the contrary, the district court was justified in concluding that plaintiff should have discovered her federal cause of action more than six years prior to the commencement of this action. As the Court stated in Wood v. Carpenter, 101 U.S. 135, 140, 143, 25 L.Ed. 807, in upholding the defense of the statute of limitations in an Indiana fraud suit:

"With the strongest motives to action, the plaintiff was supine. If underlying frauds existed, as he alleges, he did nothing to unearth them. It was his duty to make the effort."

\* \* \* \* \* \*

"There must be reasonable diligence; and the means of knowledge are the same thing in effect as knowledge itself."

### The Common Law Cause of Action

■ After the opening statement for plaintiff, the district court was also correct in refusing to toll the Indiana 6-year statute of limitations applicable to the pendent common law fraud cause of action.[1] Indiana law is no more lenient with tardy plaintiffs than is federal law. While fraudulent concealment tolls the statute of limitations,[2] Indiana law requires active concealment rather

---

1. The judgment on this phase of the case was entered on September 17, 1968, and the notice of appeal was not filed until November 27, 1968, and referred only to the paramount October 30, 1968, judgment entered at the close of plaintiff's case. The notice of appeal was timely as to the latter judgment. However, the subordinate September 17, 1968, judgment was not a final and appealable one, for the district judge did not make "an express determination that there [was] no just reason for delay," as required by Rule 54(b) of the Federal Rules of Civil Procedure. See 6 Moore's Federal Practice ¶ 54.41 [1] (1966). In the interest of justice, we shall construe the notice of appeal as reaching both judgments.

2. Section 2–609 of Burns' Indiana Statutes Annotated (1967 Replacement) provides: "Concealment of Cause of Action.—If any person liable to an action, shall conceal the fact from the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation, after the discovery of the cause of action."

than silence. Hinds, Executor v. Mc-Nair, 235 Ind. 34, 129 N.E.2d 553, 560–561 (1955); Jackson v. Jackson, 149 Ind. 238, 47 N.E. 963 (1897).[3] The crux of the matter is the use of a trick or artifice designed to prevent inquiry, investigation and discovery or mislead or hinder the plaintiff sufficiently to explain the prolonged ignorance. Terry v. Davenport, 185 Ind. 561, 112 N.E. 998 (1916). As the Court stated in Jackson v. Jackson, 149 Ind. 238, 243, 47 N.E. 963, 964 (1898):

> "The concealment within the meaning of the statute cited arises out of fraud, and there can be no concealment without fraud; and, while the fraud in a particular case may be sufficient to give to the complaining party a right of action, still it may not, in the same case, be also sufficient to serve to conceal the cause of action within the contemplation of the law."

In addition, Indiana law requires a showing of reasonable care and due diligence on the part of the plaintiff. Dorsey Machinery Co. v. McCaffrey, 139 Ind. 545, 38 N.E. 208 (1894). Plaintiff's failure to exercise such diligence in this case must bar her state cause of action as well as her federal claim.

 Ever since Oscanyan v. Arms Co., 103 U.S. 261, 26 L.Ed. 539, it has been settled that a federal court may direct a verdict for a defendant upon the opening statement of plaintiff's counsel if it clearly appears therefrom that the plaintiff had no cause of action. However, if a doubt should persist after the opening statement, the court should leave the matter to the determination of the jury. As Mr. Justice Field stated (103 U.S. at p. 264):

> "Of course, in all such proceedings nothing should be taken, without full consideration, against the party making the statement or admission. He should be allowed to explain and qual-

ify it so far as the truth will permit; but if, with such explanation and qualification, it should clearly appear that there could be no recovery, the court should not hesitate to so declare and give such direction as will dispose of the action."

In the present case, the district court afforded plaintiff's counsel ample opportunity to amend his opening statement to show the concealment required by the Indiana tolling statute, but counsel expressly "decline[d] to make any further additional statement." In this situation, the directed verdict was justified (5 Moore's Federal Practice ¶¶ 50.02[1] and 50.04 (1969)) and the resulting judgment for defendants on the fraud action was proper.

For the foregoing reasons, the judgment of the district court is affirmed.

---

3. Guy v. Schuldt, 236 Ind. 101, 138 N.E.2d 891, 896–897 (1956), relied on by plaintiff, is not to the contrary. There the court overruled a demurrer based on the statute of limitations and held only that the plaintiff was entitled to reply that the cause of action was fraudulently concealed, thus tolling the statute.