Collins HUMPHREY, Jr., Individually and on behalf of all others similarly situated, Plaintiff,

v.

J. B. LAND CO. and United Savings Association of Texas, Defendants.

Civ. A. No. H–78–1983.

United States District Court, S. D. Texas, Houston Division.

Oct. 9, 1979.

Stuart Nelkin, Houston, Tex., for plaintiff.

Michael K. Swan, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

CIRE, District Judge.

The defendants have moved for summary judgment on the ground that the plaintiff's lawsuit against them was brought more than two years after the cause of action arose and is, therefore, barred by limitations. The plaintiff's complaint, filed in October of 1978, alleged causes of action against the defendants under 42 U.S.C. §§ 1982, 1985, and 1986; 42 U.S.C. § 3601, et seq.; 15 U.S.C. § 1691; and the Texas Deceptive Trade Practices Act, Tex.Bus. & Comm.Code Ann. § 17.41, et seq. The parties are in agreement and the authorities cited in their legal memoranda support that Article 5526, Tex.Rev.Civ.Stat.Ann., the Texas two-year statute of limitations applies to 42 U.S.C. §§ 1982 and 1985, and to the plaintiff's claim under the Texas Deceptive Trade Practices Act. A one-year limitation period is contained within the provisions of 42 U.S.C. § 1986. Actions brought under 15 U.S.C. § 1691 are subject to a two year statute of limitations, and proceedings brought under 42 U.S.C. § 3601, et seq., must be initiated within 180 days of the alleged violation.

It is also agreed by the parties that the occurrences giving rise to all of the claims asserted by the plaintiff took place in 1975. At issue is whether or not the federal doctrine of "fraudulent concealment" suspended the running of the limitation period against the plaintiff. Federal law determines when the limitations period begins to run even when state law controls the applicable limitation period. *Briley v. State of California*, 564 F.2d 849 (9th Cir. 1977); *Kaiser v. Cahn*, 510 F.2d 282 (2d Cir. 1974); *Azalea Meats, Inc. v. Muscat*, 386 F.2d 5 (5th Cir. 1967).

All of the plaintiff's claims are based upon the contention that he was the object of racial discrimination. Mr. Humphrey alleges that in April of 1975, while he was employed by April Sound in its restaurant and hotel, he made two inquiries to sales directors as to whether he could purchase property at the April Sound Development. On both occasions, Mr. Humphrey was told he could not purchase property and was given no reason for such refusals. The following deposition testimony of the plaintiff concerning a conversation with one of the sales directors is crucial to the issue of fraudulent concealment:

"Q. And he said what, the answer is no?

A. He just said, 'No.'

Q. Did he give you any reason?

A. No. He didn't give me a reason.

Q. Did you ask for any reason?

A. No, I did not.

Q. What did you think at that time was the reason, he said no?

A. At that time, the reason he said no, I felt within myself the reason was because I was Black?

Q. You felt that at that time?

A. Yes. From that day after the the second time that I was told no, I knew there had to be no reason other than the fact that I was the skin color that I am."

The plaintiff's position is that although he was suspicious of the true motivation behind the refusals to sell him property, he nonetheless had no personal knowledge of any facts in 1975 which would lead a reasonable, diligent person to believe that the refusals were acts of racial discrimination. Mr. Humphrey alleges that it was not until the spring of 1978, shortly before he terminated his employment at April Sound, that

he learned of facts sufficient to put him on notice that he was denied the opportunity to purchase April Sound property because of his race. He then learned, through hearsay, that April Sound employees had been instructed by their superiors to tell all Blacks who came to the April Sound Hotel that "they were booked solid"; and that the husband of an April Sound employee was not hired as a security guard because he was Black. Plaintiff also alleges that a statement was made to him at that time by a vice-president with the development that April Sound did not sell to Blacks.

The defendants allege that Mr. Humphrey's own testimony shows that any discrimination practiced, which alleged discrimination the defendants deny, occurred in 1975 which was more than two years prior to the filing of this lawsuit.

The doctrine of fraudulent concealment is read into every federal statute of limitations and state statutes adopted by federal law and was developed to prevent wrongdoers from concealing their actions and later perpetrating a further fraud by asserting the bar of limitations. *Morgan v. Koch,* 419 F.2d 993 (7th Cir. 1969). A party seeking to apply this tolling doctrine must show that he exercised reasonable care and diligence in seeking to learn the facts which would disclose the fraud. *Hupp v. Gray,* 500 F.2d 993 (7th Cir. 1974); *Alabama Bancorporation v. Henley,* 465 F.Supp. 648 (N.D.Ala.1979).

In his argument in opposition to the motion for summary judgment, the plaintiff places emphasis on his lack of knowledge of any facts that would have led him to believe that he was the object of racial discrimination. Unawareness of facts or law alone does not justify suspending the operation of a statute of limitations. *Morgan v. Koch, supra; Alabama Bancorporation v. Henley, supra.* The statute of limitations will be tolled only for one who remained ignorant through no fault of his own. *Morgan v. Koch, supra.*

The pertinent inquiry is whether the plaintiff knew or by the exercise of due diligence could have known that he might have a cause of action. *Bruno v. United States,* 547 F.2d 71 (8th Cir. 1976). The statutory period does not await a plaintiff's "leisurely discovery of the full details of the alleged scheme." *Klein v. Bower,* 421 F.2d 338, 343 (2nd Cir. 1970).

Confronted with two outright refusals to his offers to purchase April Sound property, the plaintiff made no inquiry into the reasons behind such refusals. At the very least these circumstances should have aroused his suspicion or curiosity causing him to seek the additional information concerning the propriety of the defendants' conduct. Mr. Humphrey has not demonstrated that he failed, despite the exercise of due diligence, to discover the facts that form the basis of his claim. *In Re Beef Industry Antitrust Litigation,* 600 F.2d 1148, 1169 (5th Cir. 1979). Those who have learned of facts "calculated to excite inquiry" must inquire. *Id.,* at 1171. The plaintiff's deposition testimony forthrightly establishes his belief that he was the object of racial discrimination in 1975.

Although the defendants have moved for summary judgment, it is the plaintiff who bears the ultimate burden of persuasion on the fraudulent concealment issue. *Id.* Mr. Humphrey has failed to demonstrate that he was justified under the doctrine of fraudulent concealment in not filing suit within the limitation periods applicable herein, the longest of which is two years. The defendants have demonstrated, through the plaintiff's own deposition testimony, the absence of genuine issues of fact with respect to the question of fraudulent concealment, and that the plaintiff is barred by limitations from bringing this lawsuit.

Accordingly, the Plaintiff's claims brought in his individual capacity are dismissed and the class allegations contained within the plaintiff's complaint are dismissed without prejudice to class members with a viable cause of action.

It is so ORDERED.