**In re John H. POMAVILLE, Debtor.**

**Timothy D. MORATZKA, Trustee for the Bankruptcy ESTATE OF John H. POMAVILLE, Plaintiff,**

v.

**Jeanette Mary POMAVILLE, Defendant.**

Bankruptcy No. 4–92–2600.
Adv. No. 4–95–211.

United States Bankruptcy Court,
D. Minnesota.

Dec. 29, 1995.

Bradley J. Halberstadt, Mackall, Crounse & Moore, PLC, Minneapolis, Minnesota, for Plaintiff.

John M. Koneck, Jon C. Nuckles, Fredrikson & Byron, P.A., Minneapolis, Minnesota, for Defendant.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

ROBERT J. KRESSEL, Bankruptcy Judge.

This proceeding came on for hearing on November 8, 1995, on the defendant's motion for summary judgment. John M. Koneck and Jon C. Nuckles appeared for the defen-

---

dant. Bradley J. Halberstadt appeared for the plaintiff.

This court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334 and Local Rule 201. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(H).

## BACKGROUND

John H. Pomaville filed a case under chapter 7 on April 7, 1992. The meeting of creditors was held on June 29, 1992. The trustee filed his Report of No Assets on July 7, 1992. As a result, the bankruptcy case was closed on October 28, 1992. The case was reopened on June 16, 1995, so that a trustee could be appointed to investigate an alleged transfer which the debtor failed to list on his schedules. The plaintiff is the successor trustee who was appointed on June 22, 1995.[1] A complaint against Jeanette Mary Pomaville was filed on July 17, 1995. The complaint seeks to avoid the debtor's transfer to the defendant of shares of stock in Sherlock Rufus Company. The defendant's motion for summary judgement was filed on October 18, 1995.

The defendant argues that the plaintiff's claims based on 11 U.S.C. §§ 544 and 548 are barred by the applicable statute of limitations set forth in 11 U.S.C. § 546(a). The trustee does not dispute that the plain language of § 546(a) bars his claims. According to § 546(a), the trustee had two years from June 29, 1992, or until the case was closed, whichever was earlier, to commerce this action.[2] That time expired when the case was closed. The plaintiff asserts, however, that the doctrine of equitable tolling applies to § 546(a) and may be invoked in this case because of alleged fraud perpetrated by the debtor and affirmatively concealed from the original trustee.

## DISCUSSION

**I. Summary Judgment Will Not Be Granted When There Are Specific and Genuine Issues of Material Fact Warranting a Trial.**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is

---

1. The plaintiff was not the original trustee.

2. Section 546 was amended in 1995, but the amendment does not apply to this case.

proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).[3] "The plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

### A. The Burdens

#### 1. The Moving Party

▮▮▮▮ Initially, the burden is on the party seeking summary judgment. It is the moving party's job to inform the court of the basis for the motion, and identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. Simply stated, the moving party must show the court that there is an absence of evidence to substantiate the non-moving party's case. *Id.* at 325, 106 S.Ct. at 2553–54. To that end, the movant discharges its burden by asserting that the record does not contain a triable issue and identifying that part of the record which supports the moving party's assertion. *See Id.* at 323, 106 S.Ct. at 2552–53; *City of Mt. Pleasant, Iowa v. Associated Electric Cooperative*, 838 F.2d 268, 273 (8th Cir.1988).

#### 2. The Non-moving Party

▮▮▮▮ Once the movant has made its showing, the burden of production shifts to the non-moving party. The non-moving party must "go beyond the pleadings and by [its] ... own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,'" establish that there is specific and genuine issues of material fact warranting a

trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(c)). The non-moving party cannot cast some metaphysical doubt on the moving party's assertion. *Matsushita Elec. Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The non-moving party must present specific significant probative evidence supporting its case, *Johnson v. Enron Corp.*, 906 F.2d 1234, 1237 (8th Cir.1990) sufficient enough "to require a ... judge to resolve the parties' differing versions of the truth at trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968)). Any affidavits must "be made on *personal* knowledge, must set forth such facts as would be admissible in evidence, and shall affirmatively show that the affiant is competent to testify to the matters stated therein." Fed. R.Civ.P. 56(e) (emphasis added). If, however, the evidence tendered is "merely colorable," or is "not significantly probative," the non-moving party has not carried its burden and the court must grant summary judgment to the moving party. *Id.* at 249–50, 106 S.Ct. at 2511.

### II. Equitable Tolling Applies to § 546(a)(1).

▮▮▮▮ The doctrine of equitable tolling is read into every federal statute of limitation including § 546(a)(1). *Holmberg v. Armbrecht*, 327 U.S. 392, 396–98, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946); *In re United Ins. Management, Inc.*, 14 F.3d 1380, 1385 (9th Cir.1994) (stating that "[e]very court that has considered the issue has held that equitable tolling applies to § 546(a)(1)."). Because the applicability of equitable tolling is a fact-based decision, the bankruptcy court determines whether equitable tolling governs in any given case. 14 F.3d at 1385.

### A. Positive Concealment

▮▮▮▮ When fraud goes undiscovered because the defendant has taken positive

---

**3.** Pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, "Rule 56 Fed.R.Civ.P. applies in adversary proceeding[s]." *See* Fed. R.Bankr.P. 7056.

steps after commission of the fraud to keep it concealed, § 546(a)(1) is tolled until there is actual discovery of the fraud. *Tomera v. Galt,* 511 F.2d 504, 510 (7th Cir.1987). "[I]f the wrongdoer adds to his original fraud affirmative efforts to divert or mislead or prevent discovery, then he gives to his original act a continuing character, by virtue of which he deprives it of protection of the statute until discovery." *Id.* In such instances there is no obligation on the part of the plaintiff to use due diligence to discover the fraud. *In re Lyons,* 130 B.R. 272, 280 (Bankr.N.D.Ill.1991). The defendant's conduct justifies tolling of the statute of limitations. 511 F.2d at 510.

■ A bankruptcy case presents a rather different slant on equitable tolling. In the typical situation, it is the debtor's conduct rather than the defendant's conduct which invokes equitable tolling. In some senses, this is unfair to the defendant. On the other hand, unlike the usual civil case where a plaintiff at least has the advantage of being a party to the underlying transaction, a bankruptcy trustee must rely almost entirely on a third party (the debtor) to provide the information necessary to uncover avoidable transfers.

**B. Negligent Concealment**

■ The statute may also be tolled under the doctrine of equitable tolling when "fraud goes undiscovered even though the defendant [or in this case, the debtor] does nothing to actively conceal it." *Suslick v. Rothschild Securities Corp.,* 741 F.2d 1000, 1004 (7th Cir.1984). The statute is tolled even when the debtor negligently conceals an asset. *Schaefer v. First National Bank of Lincolnwood,* 509 F.2d 1287, 1296 (7th Cir. 1975). In these situations, a plaintiff must exercise due diligence in attempting to uncover the fraud. *Id.* at 1296–97. "A plaintiff may not rely on his own unawareness of the facts or law to toll the statute." *Hupp v. Gray,* 500 F.2d 993, 996 (7th Cir.1974) (citing *Morgan v. Koch,* 419 F.2d 993, 997 (7th Cir.1969)). The plaintiff has the burden of showing that reasonable care and due diligence was exercised "in seeking to learn the facts which would disclose the fraud." *Id.* at 996.

■ [T]he extent to which a plaintiff used reasonable diligence is tested by an objective standard. 14 F.3d at 1385. Due diligence requires a trustee to conduct searches that are realistic in the ordinary course of a trustee's performance of his duties. *See In re Levy,* 185 B.R. 378, 381 (Bankr.S.D.Fla.1995). Searches need not be so extensive that service as a trustee is rendered economically implausible. *Id.* at 386. A trustee's reliance on the sworn schedules and statements filed by a debtor at the commencement of a bankruptcy case does not preclude invocation of the doctrine of equitable tolling. *Id.* For example, due diligence did not require a trustee to undertake a routine property search which would have uncovered a property interest of the debtor which the debtor had failed to indicate in his schedules and statements. *Id.*

**III. Equitable tolling also applies to § 546(a)(2).**

As noted earlier, § 546 has alternative statutes of limitations. The statute bars actions such as this one, either two years after the appointment of a trustee or when the case is closed, whichever is earlier. This case was closed. Therefore, tolling only the § 546(a)(1) period does not help the trustee. Even if that statute is tolled and is still running, and if § 546(a)(2) is applicable, the action would still be barred. Such a result would have the effect of eviscerating the doctrine of equitable tolling in many bankruptcy situations making it less equitable than the Supreme Court intended. In fact, most chapter 7 cases are closed well before the two year period provided for in § 544(a)(1).

■ It is awkward to apply the doctrine of equitable tolling to § 546(a)(2). Statutes of limitations typically have a beginning and an ending point. They start with a specific event and run for a specified period of time. Thus tolling or suspending the running of that period of time makes sense and leads to the result intended by the doctrine. But § 546(a)(2) really has no particular beginning time and has no particular period.

It has only an ending point. What does it mean to toll the statute of limitations in these circumstances? If the § 546(a)(2) period is tolled, when does it end? In order to have the doctrine apply in this context, I conclude that the following rule makes sense: The principles enunciated above in relationship to § 546(a)(1) apply equally to § 546(a)(2), and may act to extend the limitation provided in § 546(a)(2) beyond the case's closing. If equitable estoppel applies, § 546(a)(1) only bars the action to the extent that the case is closed, either in the first instance or after a subsequent reopening, when the trustee had actual knowledge of the transfer while the case was open. For example, if, the trustee discovers the transfer while the case is open and the limitation provided by § 546(a)(1) is tolled by principles of equitable tolling, but allows the case to be closed without commencing an action, then the action would be barred by § 546(a)(2). Similarly, if a trustee is aware of a transfer after a case has been reopened, but neglects to commence an action before the case is closed again, then the action would be barred by § 546(a)(2).

The record on this motion indicates that the original trustee did not have knowledge of the transfer prior to the closing of the case and, thus, principals of equitable tolling may also suspend the operation of § 546(a)(2).

IV.  **Summary judgment will be denied because evidence presented by the plaintiff substantiates the applicability of equitable tolling under the facts of this case.**

It is undisputed that the sworn statement of financial affairs and the schedules signed by the debtor failed to disclose the existence or transfer of any interest in the Sherlock Rufus Company. Likewise, there is no mention of the Sherlock Rufus Company in the Pomaville's Marital Termination Agreement dated November 4, 1991, even though both John H. Pomaville and Jeanette Mary Pomaville agree that a transfer of the stock occurred in accordance with their divorce agreement. Although a Norwest Bank lawsuit alleging fraudulent transfers was disclosed by the debtor in his State-

ment of Affairs, the lawsuit fails to mention the Sherlock Rufus Company. In addition, the record fails to disclose how or where a search by the original trustee could have discovered the existence of the debtor's interest in the Sherlock Rufus Company or the transfer of that interest.

The record lacks evidence as to the extent of the original trustee's diligence in regard to uncovering the Sherlock Rufus stocks and transfer. This deficiency is not, however, dispositive. A trustee may rely on the sworn schedules and statements filed by a debtor if the fraud concealed by a debtor could not have been uncovered in the ordinary pursuit of a trustee's duties. It is unclear how the trustee could have uncovered the existence of the stock or the transfer. For example, it is not clear whether the original trustee made any inquiry at the meeting of creditors which, if answered honestly, would have revealed the transfer. Thus, there is a genuine issue of material fact as to the trustee's diligence.

Furthermore, if the debtor took positive steps to deliberately conceal a transfer, equitable tolling applies regardless of the trustee's diligence. Since the asset was not listed on the sworn statements and schedules listed by the debtor and was left out of the Marital Termination Agreement there is enough evidence of affirmative concealment to create a genuine issue of material fact.

## CONCLUSION

Although equitable tolling applies to 11 U.S.C. § 546(a)(1), there is a genuine issue of material fact as to the applicability of the doctrine to the facts in this case.

THEREFORE, IT IS ORDERED: The defendant's motion for summary judgment is denied.