### KINCHELOE v. FARMER.
### No. 11144.

United States Court of Appeals
Seventh Circuit.

July 2, 1954.

Rehearing Denied Aug. 9, 1954.

Thomas Kincheloe, Detroit, Mich., for appellant.

Frederick P. Bamberger, Evansville, Ind., Edmund F. Ortmeyer, William P. Foreman, Evansville, Ind., for appellee.

Before MAJOR, Chief Judge, and FINNEGAN, and SCHNACKENBERG, Circuit Judges.

MAJOR, Chief Judge.

This action was brought in the United States District Court for the Southern District of Indiana to recover damages for personal injuries alleged to have been sustained by plaintiff as a result of defendant's negligence in the operation of his automobile in which plaintiff was riding as a passenger. The allegations of the complaint disclose that the court acquired jurisdiction by reason of diversity of citizenship. The complaint alleges that the accident giving rise to plaintiff's injuries occurred on Septem-

ber 18, 1947. The action was commenced November 17, 1953, on which date the complaint was filed and summons issued.

The defendant moved to dismiss the complaint on the ground that it affirmatively discloses that the cause of action therein set forth was barred under the provisions of Section 2–602, Burns' Indiana Statutes, 1933, as amended, which requires an action for personal injuries to be brought within two years from the date of its accrual. From the court's order of dismissal, the appeal comes to this court.

The Indiana Statute contains exceptions to the limitation period thus fixed: Section 2–605 provides that a person under legal disability at the time a cause of action accrues has two years after the removal of disability to bring suit; Section 2–606 provides that where the defendant is a non-resident of the state or absent on public business at the time of the accrual of the action, the time of non-residence or absence from the state shall not be computed in the general limitation period; Section 2–608 provides that where a plaintiff has commenced an action and fails therein from any cause excepting negligence, or where the action has abated or is defeated by the death of a party, or the judgment is arrested or reversed on appeal, a new action may be brought within five (5) years after such determination.

■ Admittedly, the action was commenced, as shown by the complaint, long after expiration of the limitation period as provided by the Indiana Statute. Plaintiff argues, however, that it does not necessarily follow that his cause of action was barred because one of the exceptions to the general statute of limitations might have been applicable. Indiana cases are cited to the effect that a defense of limitation must be pleaded and that it cannot be raised on a motion to dismiss. We need not cite or discuss these cases because they are without application. Plaintiff's argument rests on the premise that the state limitation period as a bar is a matter of substantive law and is controlled by the state rule. Even so, the manner of its application and the mechanics by which it may be utilized are matters of procedure and governed by the Federal Rules of Civil Procedure, 28 U.S.C.A.

■ Rule 9(f) of such rules provides: "For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter." It has frequently been held that the reason for "averments of time and place" is to make ascertainable whether a cause of action is barred by the statute of limitations, and that where so shown a complaint is properly dismissed on motion. Gossard v. Gossard, 10 Cir., 149 F.2d 111, 113; Anderson v. Linton, 7 Cir., 178 F.2d 304, 309; Suckow Borax Mines Consolidated, Inc., v. Borax Consolidated, Limited, 9 Cir., 185 F.2d 196, 204, and cases therein cited.

■ It is true that Rule 8(c) in enumerating affirmative defenses states, "In pleading to a preceding pleading, a party shall set forth affirmatively * * * statute of limitations * * * and any other matter constituting an avoidance or affirmative defense." The cases which we have cited hold, and we think correctly, that there is no inconsistency between these two rules. As applied to the instant situation, it would be illogical and futile to think that the defendant was required to plead as an affirmative defense that which the plaintiff alleged in his complaint and which he was required to allege by Rule 9(f). And it would be equally illogical to think that the defendant was required to plead that the plaintiff did not come within any of the exceptions to the limitation statute in order to show that his cause of action was barred. Plaintiff by the allegations of his complaint erected the limitation bar and it was his duty in order to extricate himself therefrom to plead any exceptions upon which he relied.

The order of dismissal is

Affirmed.