**Harvey C. COMBS, Plaintiff,**

v.

**Oscar E. CHAMBERS et al., Defendants.**

**Civ. No. 67–C–122.**

United States District Court
N. D. Oklahoma.

March 11, 1968.

Jan Eric Cartwright, of Garrett & Pearson, Muskogee, Okl., for plaintiff.

Charles W. Stubbs, Oklahoma, City, Okl., for defendants.

## ORDER DENYING MOTION TO DISMISS

DAUGHERTY, District Judge.

The present action is before the Court on Defendants' Motion to Dismiss. As grounds for dismissal, the Defendants contend that, (1) no cause of action is stated, and (2) jurisdiction is lacking.

The Amended Complaint states that the properties described therein and which are located in Creek and Pawnee Counties were conveyed by the Defendant Oscar E. Chambers, or by the Defendant Jo Chambers, his wife, at his direction, with intent to hinder, delay, and defraud the Plaintiff as one of his creditors. This allegation is practically in the language of Oklahoma's Uniform Fraudulent Conveyance Act.[1] It is axiomatic that on a motion to dismiss, the Court must take all facts well pleaded as true and grant the motion only when it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Complaint states a claim for relief, and that claim as stated is recognized by Oklahoma law.

Defendants also insinuate that Plaintiff must first reduce his claim to judgment in the Oklahoma courts before proceeding on his claim for relief from the allegedly fraudulent conveyances. This contention is without merit. Rule 18(b), F.R.Civ.P., 28 U.S.C., allows the

---

1. 24 O.S., § 105. *"Conveyances made with intent to defraud.*

Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."

joinder of claims in a single action where previously one of the claims must have been reduced to judgment to permit prosecution of the other. There is abundant case authority on the point.[2]

Defendants next attack the service had in this case, stating that no personal jurisdiction of them has been obtained. Pursuant to 12 O.S. § 1701.03(a) (3), personal jurisdiction of a non-resident may be obtained in a case arising from a tortious injury by him in the state by act or omission in the state. The summonses reflect that Defendant Oscar E. Chambers was personally served in Texas on July 18, 1967, and that Defendants Jo Chambers and Southside Baptist Foundation were personally served in Texas on September 29, 1967. This is the method of service prescribed by the statute. 12 O.S. § 1702.01(a) (1).

Fraud is a tort. 86 C.J.S. Torts § 40, p. 955. Fraud is alleged to have been committed in Oklahoma by the Defendants and against the Plaintiff. This is tortious conduct within the contemplation of the 12 O.S. § 1701.03(a) (3). Plaintiff's cause of action to set aside fraudulent conveyances arises out of this conduct. Although Plaintiff alleges many instances of fraudulent conveyances, jurisdiction will attach on a single such conveyance. See discussion in 18 Okl.L.Rev. 434 (1965).[3] Plaintiff's right of action, however, is limited only to the acts complained of and personal jurisdiction of the Defendants is accordingly limited. 12 O.S. § 1701.03(b).

Inasmuch as the Court has jurisdiction of a properly stated cause of action, the Motion to Dismiss is denied and Defendants are ordered to answer Plaintiff's Amended Complaint within fifteen (15) days from the date hereof.

---

2. Rule 18(b), F.R.Civ.P. provides, "Whenever a claim is one heretofore recognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. In particular, a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to him, without first having obtained a judgment establishing the claim for money." See Graff v. Nieberg, 233 F.2d 860 (7 Cir. 1956); Huntress v. Huntress, 235 F.2d 205, 61 A.L.R.2d 682 (7 Cir. 1956);

Wynne v. Boone, 88 U.S.App.D.C. 363, 191 F.2d 220 (1951); Armour & Co. of Delaware v. B. F. Bailey, Inc., 132 F.2d 386 (5 Cir. 1942).

3. At page 435, the writer stated, "Transacting any business and perpetrating any act within the state will be frequently used as a basis for personal jurisdiction. The word 'any' is suggestive of minimal amount and a single transaction or act normally will satisfy the requirements of these provisions. Therefore, the doing business test, which previously controlled the assertion of personam jurisdiction over nonresidents, has no vitality under this and similar statutes."