*In re* ESTATE OF DAVID DYKEMA, Deceased.—(EDNA DYKEMA, Plaintiff-Appellant, *v.* PRESTON J. DYKEMA *et al.*, Ex'rs of the Estate of David Dykema, Deceased, Defendants-Appellees.)

Third District No. 80-127

Opinion filed October 21, 1980.—Rehearing denied November 25, 1980.

Stephen A. Deckro, of Deckro & Holesinger, of Morrison, for appellant.

Robert H. Potter, of Bull, Ludens, Potter & Burch, of Morrison, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This action was instituted by the plaintiff, Edna Dykema, in the Circuit Court of Whiteside County, seeking to set aside the will of her late husband, David Dykema, and also seeking to set aside an antenuptial agreement she entered into with her late husband. The court below dismissed the plaintiff's second amended complaint based on the five-year statute of limitations. (Ill. Rev. Stat. 1979, ch. 83, par. 16.) Our review of that dismissal is sought.

The complaint filed below alleges that while engaged, the plaintiff and the decedent, David Dykema, entered into an antenuptial agreement. That agreement provided that each party waived all rights and claims in and to the estate of each other. The agreement contained statements that each party recognized the other as owner of certain property, and that the property owned by the decedent included interests in two farms. The agreement was executed on May 26, 1970, and the marriage of the parties followed.

On December 13, 1974, the decedent executed a will which left the plaintiff a life estate in his home, all of his household goods, personal effects and his automobile. Death occurred for Mr. Dykema on January 30, 1977. After decedent's death, on May 21, 1979, plaintiff filed her complaint alleging she was defrauded on May 26, 1970, the date the antenuptial agreement was executed. Specifically, she alleged that the extent of decedent's property was concealed from her in that the agreement did not mention and she was not advised that the decedent owned livestock and other personal property associated with the farms.

As indicated at the outset, the trial court applied the five-year statute of limitations and dismissed the plaintiff's cause of action. It ruled that the time for filing the cause of action had expired.

On appeal, and in defense of her complaint, the plaintiff makes the following argument: (1) fraudulent concealment of the nature and extent of the intended husband's estate will warrant setting aside an antenuptial agreement; (2) engagement to marry creates a fiduciary relationship and imposes on the intended husband a fiduciary duty of full disclosure; (3) in cases of fraudulent concealment, the statute of limitations is tolled until the time of discovery (Ill. Rev. Stat. 1979, ch. 83, par. 23); (4) there exists a judicial interpretation of the statute of limitations for fraudulent conceal- ment, which requires the defrauded party to exercise due diligence in discovery of the fraud but which excuses such diligence where the fraudfeasor stands in a fiduciary relationship to the defrauded party. We are reminded that in considering a motion to dismiss, all well-pleaded facts must be taken as true as well as reasonable inferences which can be drawn from those facts. (*Evans v. Control Products Corp.* (1979), 73 Ill. App. 3d 681, 392 N.E.2d 239.) At issue then is whether the facts set forth in the complaint, taken as true, are sufficient to toll the statute of limitations.

In *Vigus v. O'Bannon* (1886), 118 Ill. 334, 346, 8 N.E. 778, 782, our supreme court first discussed the statute of limitations for fraudulent concealment. The *Vigus* statute was a predecessor to our current statute (Ill. Rev. Stat. 1979, ch. 83, par. 23). There, the court determined that:

> "[I]n cases of fraud, the Statute of Limitations begins to run only from the time of the discovery of the fraud * * * [unless] the party, affected by the fraud, might, with ordinary diligence, have discovered it. But the failure to use such diligence may be excused, where there exists some relation of trust and confidence, * * * between the party committing the fraud and the party, who is affected by it, rendering it the duty of the former to disclose to the latter the true state of the transaction, *and where it appears, that it was through confidence in the acts of the party, who committed the fraud, that the other was prevented from discovering it.*" (Emphasis added.)

Thirty years later the supreme court reiterated the rule set forth in *Vigus*:

> "It was held [in *Vigus v. O'Bannon*] that the rule that in cases of fraud the Statute of Limitations begins to run only from the time of the discovery of the fraud does not apply where the defrauded person might by the exercise of ordinary diligence have discovered the fraud, but that the failure to use such diligence might be excused where there was a relation of trust and confidence between the parties, making it the duty of the one committing the fraud to disclose to the other the true state of the transaction, *and*

*where the latter was prevented from discovering the fraud through his confidence in the other."* (Emphasis added.) (*Keithley v. Mutual Life Insurance Co.* (1916), 271 Ill. 584, 594, 111 N.E. 503, 507.)

An essential element of the decision in both *Vigus* and *Keithley* is that the defrauded party must attribute his failure to discover the fraud to the trust and confidence placed in the fraudfeasor. We find no subsequent case from the Illinois high court where this essential element has been abandoned.

■■ In order to assert that the statute of limitations is tolled in the instant case, plaintiff must aver either (1) that the fraud could not have been sooner discovered with ordinary diligence, or, (2) that the trust and confidence she placed in the fiduciary fraudfeasor prevented her from sooner discovering the fraud. Plaintiff's complaint contains neither allegation.

Plaintiff does allege that the fraudfeasor, her late husband, had a fiduciary obligation to her, first as her fiance and then as her husband. Before this court, as well as the court below, plaintiff contends that this averment alone is sufficient to toll the statute of limitations. Reliance is placed primarily on the cases of *County of Cook v. Barrett* (1975), 36 Ill. App. 3d 623, 344 N.E.2d 540, and *Chicago Park District v. Kenroy, Inc.* (1980), 78 Ill. 2d 555, 402 N.E.2d 181. The *Chicago Park District* case is not persuasive because there it was expressly alleged that the defrauded city "had no apparent reason * * * to suspect" that the trust and confidence it placed in the fraudfeasor could not be relied on. Both *Vigus* and *Keithley* were relied on by the supreme court.

It is conceded that the *County of Cook* case, particularly in light of the concurring opinion, places the continuing vitality of *Vigus* and *Keithley* directly in question. However, since the supreme court has, as indicated, subsequently approved, cited and followed its nearly century-old holding in *Vigus*, we believe that case is the correct statement of the law. Because plaintiff's complaint did not contain the averments necessitated by the *Vigus* and *Keithley* decisions, it did not allege facts sufficient to toll the statute of limitations.

■■ Plaintiff was granted leave to amend in the court below, but instead of amending her pleading she elected to appeal. In so doing she elected to stand by the decision rendered here. (*Krachock v. Department of Revenue* (1949), 403 Ill. 148, 85 N.E.2d 682.) That decision is to affirm the dismissal ordered below for the reasons hereinbefore set forth.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.