597 F.Supp. 100 (1984)
ST. LOUIS HOME INSULATORS, INC., et al., Plaintiffs,
v.
BURROUGHS CORPORATION, Defendant.
No. 84-8C(B).
United States District Court, E.D. Missouri, E.D.
October 5, 1984.
*101 James D. Cullan, Helton Reed, St. Louis, Mo., for plaintiffs.
Steven McCormick and Robert Shapiro, Chicago, Ill., Richard Cornfeld, Mark Bayles, St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
REGAN, District Judge.
Before us is defendant's motion to dismiss plaintiffs' first amended complaint in which recovery is sought based on allegedly fraudulent misrepresentations inducing the purchase of a B-80 computer system.
By way of background: Plaintiffs' original complaint alleged, in addition to a fraud claim, claims based on alleged breaches of warranty and negligent misrepresentation. Defendant moved for summary judgment on all claims on the ground they were barred by limitations. The motion was taken with the case, trial of which commenced on July 30, 1984, but which ended in a mistrial on August 2, 1984, after all of plaintiffs' witnesses (other than an expert on damages) had testified. Following the mistrial, the motion for summary judgment was taken under submission.
On August 16, 1984, the Court entered its order sustaining defendant's motion as it related to plaintiffs' claims for breach of warranty and negligent misrepresentations, but overruled the motion as to the fraud claim, on the premise that the Court could not hold as a matter of law that the five year statute of limitations had not been tolled. The meritorious issue as to the fraud claim limitations defense pertained to the time when the alleged fraud as to the adequacy of the performance of the computer was discovered or should have been discovered by plaintiffs, who contended that they relied on the continuous assurances of defendant that the problems would be corrected.
Concurrently with overruling the motion for summary judgment on the fraud claim, the Court held that such claim had not been adequately pleaded, and ordered plaintiffs to file an amended complaint in compliance with Rule 9(b) FRCP. Defendant's motion to dismiss puts in issue the sufficiency of the amended complaint to state the claim of fraud. We note that in drafting their amended complaint, plaintiffs had the benefit of all their trial evidence.
Rule 9(b) provides that in all averments of fraud, the circumstances constituting fraud shall be stated with particularity. In Bennett v. Berg, 685 F.2d 1053, 1062 (8 Cir.1982), Judge Henley defined "circumstances", as used in Rule 9(b), to "include such matters as the time, place and contents of false representations, as well as the identity of the person making the representation and what was obtained or given up thereby."
The amended complaint alleges (as did the original in identical language) that "on or about April, 1977" Plaintiffs requested of Defendant a proposal for products and services to perform seven specified "operational elements" (of which "inventory control" was one), and that Defendant proposed that Plaintiffs purchase certain listed equipment and services. The time of defendant's proposal and the manner in which it was made (oral or in writing, etc.) and the content of the proposal have not been stated.
In their response to defendant's motion to dismiss, plaintiffs state that the complaint "and the evidence" disclose a series of meetings and demonstrations in 1976 and 1977 at which the specific software programs ordered by Plaintiffs were discussed. Nothing in the complaint so states. Plaintiffs then add (with no specifics as to time or manner) that defendant "promised and agreed that Inventory Control Reports would be produced by the B-80 computer and that it would do whatever necessary to assure that the inventory programs would run on the specific B-80 *102 model proposed." And in their so-called "more definite statement" attached to their response plaintiffs state that "during the period January through May, 1977" (May is the month the computer purchase was made) certain representations were made at the office of defendant in University City, Missouri, by agents of defendant (only one of whom is identified). Again, the complaint does not so state.
The alleged representations (as set forth in the "more definite statement") are two in number, (1) that the B-80 computer and its software would convert Plaintiffs' business records into a report group entitled "Inventory Control and Management, Payroll, Accounts Receivable, Accounts Payable, General Ledger and Invoicing", and (2) that the B-80 hardware and software had been tested by defendant and would produce accurate reports from each of the six programs and defendant would make any modifications necessary to produce that result.
As pleaded in Paragraph 8 of the Amended Complaint, the alleged representations (at a time, place and in a manner not set forth) were that the hardware and software it proposed (1) were adequate in size and capacity to perform the operational elements, (2) were fully engineered, tested, debugged and operational at time of sale, (3) that the Inventory Control and Management Programs could be modified to meet Plaintiffs' requirements, (4) that the Inventory Control and Management Programs would be modified by defendant to meet Plaintiffs' requirements, (5) that the software programs would be installed in a nine-month period from the date of installation, and (6) that defendant would maintain, repair or replace any defective hardware or programs.
The amended complaint then alleges in Paragraph 9 that the aforesaid representations were false in that (1) the hardware products were inadequate to perform Plaintiffs' applications, by reason of their inadequate memory size and data storage capacity, (2) the hardware and software products were defective and incapable of performing Plaintiffs' applications by reason of defective design and/or manufacturing procedures and incomplete or inadequate testing, and (3) the Inventory Control and Management Programs were not modified or installed for Plaintiffs' use.
In our judgment, the pleaded fraud does not sufficiently set forth the circumstances thereof as required by Rule 9(b). And in determining the motion to dismiss we can look only to the allegations of the complaint. Wholly irrelevant is plaintiffs' argument that defendant has heard the testimony of their witnesses and so should be aware of the details of plaintiffs' claim and the circumstances of the alleged fraud. We add that even we are not so aware.
It is further obvious that the Paragraph 9 allegation of falsity of the representations cannot apply to all of the six alleged representations, e.g., that the software programs would be installed within 9 months from the date of installation. In addition, some of the alleged representations relate to promises of future actions, the non-performance of which would not of itself be fraudulent under Missouri law. We are, of course, aware that although a state of mind as to future performance or conduct may be misrepresented and so become actionable, that is not the case alleged or even shown by plaintiffs' evidence. Hence, all that plaintiffs allege as to allegedly actionable false representations inducing the purchase is that the equipment sold by defendant was (1) inadequate to perform plaintiffs' applications and (2) that said equipment was defective and incapable of performing plaintiffs' applications, as the result of defective design and incomplete and inadequate testing.
Of importance also is plaintiffs' further allegation (Paragraph 18) that their "decision to purchase the Burroughs B-80's was made solely because of the representations that the 7 program elements would be successfully installed and that the B-80 hardware was adequately tested and operational." Thereby, plaintiffs have narrowed the number of alleged misrepresentations on *103 which they allegedly relied. We add that their proposed instructions for use in the trial set for October 1, 1984, plaintiffs submit only alleged false representations: (1) that defendant would provide operational programs for inventory control that would produce inventory reports in the B-80 computers, and (2) that the B-80 hardware would be tested prior to installation, thus further narrowing the issues.
Over and beyond the foregoing is the ever-present question of limitations. Unquestionably, this action was instituted more than five years after the alleged fraud occurred, so that to overcome this hurdle, it is essential for plaintiffs to demonstrate that their cause of action accrued at a later date. Under Missouri law, the five year statute does not begin to run (and the cause of action is not deemed to have accrued) until the aggrieved discovered (or should have discovered) the facts constituting the fraud.
As held in Kueneke v. Jeggle, 658 S.W.2d 516, 518, (Mo.App.1983), "When discovery is relied on to toll the statute, the pleading should aver when it was made and why it was not made sooner." See also Womack v. Calloway County, 159 S.W.2d 630, 632 (Mo.Sup.1942). The amended complaint alleges, without more (Paragraph 19), that "(o)n or about February 1982 Plaintiffs discovered that the failures of the B-80 system were the result of Burroughs' initial false representations as to the capability of the 64K B-80 with minidisks to perform the promised applications."
In their original complaint plaintiffs alleged that "on January 30, 1983", plaintiffs discovered that the management system could not be achieved. Even in their response to defendant's motion, plaintiffs have not explained the change in the alleged date of the discovery. More importantly, whatever the date, the amended complaint is wholly silent on the crucial question of why the facts could not, by the exercise of due diligence, have been discovered within the five year period. A complaint which fails to plead due diligence in other than conclusory language is insufficient.
We note that in plaintiffs' "more definite statement", (which is no part of the amended complaint), they assert, without amplification, that they could not discover that the representations were untrue "until they completed the purchase and installation of additional equipment on or about February 1982" and that on that date they "gained final knowledge that the B-80 system originally proposed possessed inadequate memory and data storage capacity to produce the reports promised by Defendants." Even this assertion is insufficient to meet the requirements of demonstrating why in the exercise of due diligence they could not have made the discovery long before.
It follows that the motion to dismiss is well taken and should be sustained. Defendant urges that the dismissal should with prejudice, and we next turn to that question.
As a general rule, in the interest of justice, a plaintiff should be permitted to amend his pleading to cure deficiencies. Plaintiffs have already been given that opportunity and the amended complaint is the result. Here, unlike the usual situation, the amended complaint was filed at our direction after discovery had been completed and after plaintiffs had virtually completed the presentation of their evidence. Assuming that such evidence is sufficient to withstand a motion for a directed verdict, plaintiffs have given us no explanation for their failure to state a claim based thereon in accordance with the law.
As we view the complaint, plaintiffs have taken their claim for breach of warranty (which we have held is barred by limitations) and attempted to dress it up in the trappings of fraud. We have held that as against the motion to dismiss plaintiffs have failed to do so.
In ruling whether justice requires that the dismissal should be without prejudice, we also consider the nature and legal sufficiency of the evidence adduced by plaintiffs on the trial as well as the basis of our prior *104 holding denying summary judgment on the fraud claim. Because of the mistrial, defendant had no opportunity to move for a directed verdict. Much of the evidence pertained to the alleged breach of warranty and the claim of negligent misrepresentation. Parenthetically, we note that even in their present attempt to state a claim limited to fraud, plaintiffs have interwoven allegations pertinent only to breach of warranty. Thus, in Paragraph 20 plaintiffs allege that they have sustained damages as a result not merely of the allegedly false representations of B-80 capabilities, but also as a result of defendant's "failure to replace and repair defective hardware and software."
In denying summary judgment, we held that by reason of defendant's alleged assurances that it would correct the problems, there was a possibility a jury might find that the running of the statute of limitations had been tolled. Upon further consideration, however, in light of the trial evidence, we do not believe that the facts permit a finding that plaintiffs either did not nor could not by the exercise of due diligence discover (prior to June 20, 1978) the facts demonstrating the falsity of the alleged representations on the basis of which the purchase was made. Plaintiffs are sophisticated business men. Long before the crucial date, they knew that all attempts to modify the inventory programs and correct the problems had dismally failed. That futile attempts had been made to modify the inventory programs in order to comply with the original alleged representation would conceivably support a finding of breach of warranty, but not of fraud.
The situation presented by the evidence is wholly unlike that in Swope v. Prinz, 468 S.W.2d 34 (Mo.1971). That was a medical malpractice case in which the evidence disclosed that the surgeon defendant had severed a nerve (a fact the patient plaintiff would not know) and not only concealed that fact from his layman patient but assured her she would recover (knowing she would not) and urged her not to seek other medical advice. Here, long before the five year period had elapsed, plaintiffs actually knew of the inadequacies they complain of and the failure of the defendant to remedy them. They now say (in their response) that not until they installed additional equipment in February, 1982 did they gain "final knowledge" that the B-80 system originally proposed possessed inadequate memory and data storage capacity to produce the promised reports. Their evidence is to the contrary. The law requires parties to be alert and diligent. They may not shut their eyes to the facts (and the significance thereof) which disclose the alleged fraud. Plaintiffs' evidence clearly discloses that after acquiring actual knowledge of all the pertinent facts within the five year period of limitations, plaintiffs, experienced business men, simply slept upon whatever rights they had, both in contract and otherwise.
Plaintiffs have had ample opportunity to demonstrate that they have a submissible case. Defendant's motion to dismiss is hereby sustained. Under the circumstances, and in fairness to both parties, we are convinced that the dismissal should be and is hereby ordered to be with prejudice. Judgment will be entered in accordance herewith and with our prior order.