**In re Clifford JOSEFIK, Debtor.**

**OLD ORCHARD BANK & TRUST COMPANY, Plaintiff,**

**v.**

**Clifford JOSEFIK, Nancy Josefik, Western National Bank of Cicero, Freedom Federal Savings and Loan Association, Defendants.**

**Bankruptcy Nos. 86 B 9406, 86 A 1192.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

April 13, 1987.

---

Lord, Bissell & Brook, Chicago, Ill., for Clifford Josefik.

Cooper & Cooper, Ltd., Chicago, Ill., for Nancy Josefik and Western Nat. Bank.

Matthias & Bellah, Chicago, Ill., for Old Orchard Bank.

Dennis M. Sbertoli, Brookfield, Ill., and Joseph Tecson & Associates, Chicago, Ill., for Freedom Federal.

## MEMORANDUM OPINION AND ORDER

DAVID H. COAR, Bankruptcy Judge.

This matter is before the Court on the defendants' motion to dismiss the complaint filed by the OLD ORCHARD BANK & TRUST COMPANY. The defendants, NANCY JOSEFIK and WESTERN NATIONAL BANK OF CICERO, and the plaintiff have each filed briefs in support of their respective positions.

As a preliminary matter, the defendants have failed to identify upon which portion of Rule 12 of the Federal Rules of Civil Procedure their motion to dismiss is predicated. It would be fair to assume that defendants seek relief under Rule 12(b)(6),

Fed.R.Civ.P. Defendant, Nancy Josefik, has attached her affidavit along with a certified copy of her divorce decree to the motion to dismiss. Plaintiff has attached the depositional testimony of the debtor, Clifford Josefik, to its response. Plaintiff correctly notes that under Rule 12(b)(6), when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." The conversion to a motion for summary judgment is triggered by the parties' submission of extra-pleading material, i.e., affidavits, depositions, and state court divorce decrees. *Gautreaux v. Romney*, 448 F.2d 731 (7th Cir.1971); *see* 5 C. Wright & A. Miller, *Federal Practice and Procedure*, Section 1366 (1969). The motion's caption is not determinative; 5 C. Wright & A. Miller, *Federal Practice & Procedure*, Section 1366 (1969). Therefore, the court shall consider defendants' motion as a motion to dismiss under Rule 12(b)(6), as well as a motion for summary judgment under Rule 56.

In order to grant a motion for summary judgment, this Court must be convinced that there exists "... no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law ..." Fed.R.Civ.P., Rule 56(c). This Court is not permitted to try issues of fact presented by the pleadings and affidavits in deciding a motion for summary judgment. *Moutoux v. Gulling Auto Electric, Inc.*, 295 F.2d 573 (7th Cir.1961); *Carter v. Williams*, 361 F.2d 189 (7th Cir.1966). Furthermore, when determining whether or not a material issue of fact exists in the present controversy, the Court must look at the record in the light most favorable to the party opposing the motion. *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1961). All inferences must be construed in favor of the movant's opponent. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

For the reasons stated below the defendants' motion for summary judgment is denied.

FACTS

In 1980, Old Orchard Bank & Trust Company [Old Orchard], brought an action in the state court against the debtor, Clifford Josefik. In this lawsuit, Old Orchard sought to enforce a personal guaranty executed by the debtor in favor of Old Orchard. On October 29, 1985, Old Orchard obtained a judgment in the state court action against Mr. Josefik in the amount of $433,428.26. Of this amount, Old Orchard recovered only $1,176.00. Old Orchard then initiated post-judgment proceedings in the state court seeking to discover the nature and extent of Mr. Josefik's assets. Mr. Josefik was deposed on March 25, 1986. On June 18, 1986, Mr. Josefik filed his voluntary petition for relief under Chapter 7.

On October 22, 1986, Old Orchard filed an adversary complaint for fraudulent conveyance of property naming the debtor and his wife, Nancy Josefik, as defendants. Western National Bank of Cicero [Western National] was also named as an additional defendant in this lawsuit.[1] Old Orchard contends that Clifford and Nancy Josefik reside at 5 Mockingbird Lane, Oak Brook, Illinois.[2] This property is the subject of Old Orchard's complaint. Pursuant to a trust agreement, Western National, as trustee, is the legal titleholder of this property. Western National also holds a mortgage on the property. Prior to January 5, 1981, Mr. Josefik held a beneficial interest in the property as set forth in the trust

---

1. Freedom Federal Savings and Loan Association [Freedom Federal] has also been named as a defendant in this action by virtue of a mortgage lien it holds on the subject property. On February 23, 1987, Old Orchard and Freedom Federal filed a joint stipulation which provides in substance that Freedom Federal's mortgage lien is superior to Old Orchard's interest in the property, and that Freedom Federal's interest in the property shall not be impaired by the adjudication of Old Orchard's complaint.

2. The Court has examined the debtor's bankruptcy petition and schedules contained in the court file and takes judicial notice of the fact that the debtor lists 2739 S. Highland Avenue, Berwyn, Illinois as his current residence.

agreement. In its complaint, Old Orchard alleges that Mr. Josefik fraudulently conveyed his beneficial interest in this property to his wife, Nancy Josefik. Old Orchard further alleges that Mr. Josefik, with the intent of defrauding his creditors, voluntarily made this conveyance while he was insolvent and that he did not receive any consideration for the conveyance. The conveyance occurred on February 5, 1981, which was the date Nancy Josefik accepted Mr. Josefik's assignment of his beneficial interest in the property.

In their motion to dismiss, Mrs. Josefik and Western National assert the statute of limitations as a defense to the action brought by Old Orchard. The defendants maintain that under Illinois law, fraud actions must be brought within five years from the time the cause of action accrued. According to the defendants, the statute of limitations started to run on February 5, 1981, which was the date Nancy Josefik accepted Mr. Josefik's assignment of his beneficial interest in the property. By this standard, Old Orchard's complaint, which was filed on October 22, 1986, was unquestionably filed after the five-year limitation period had run.

In her affidavit, defendant Nancy Josefik states that she and her husband are divorced—a fact which is never mentioned in Old Orchard's complaint. The Josefiks were married in 1956. After 24 years of marriage, Nancy Josefik filed for divorce on the grounds that she had been subjected to her husband's extreme and repeated mental cruelty. The Josefiks were separated on July 24, 1980. Their divorce became final on December 22, 1980. Nancy Josefik further alleges that she accepted Mr. Josefik's beneficial interest in the property in lieu of her right to periodic allowances for support and maintenance. The terms by which Mr. Josefik was to have conveyed his beneficial interest in the property were set forth in the divorce decree.[3]

In its response, Old Orchard first contends that the statute of limitations did not begin to run until its monetary claim against Mr. Josefik in the state court lawsuit was reduced to judgment. Since Old Orchard's state court claim was not reduced to judgment until October 29, 1985, Old Orchard argues that its complaint filed on October 22, 1986 comes within the limitations period.

Second, Old Orchard contends that as a matter of law the limitations period started to run at the time Old Orchard knew or should have known of the fraud. On this point, Old Orchard alleges that it first discovered the debtor had conveyed his beneficial interest in the property when it took debtor's deposition on March 25, 1986 pursuant to the post-judgment state court proceeding. Old Orchard further alleges that it could not have known of the debtor's conveyance of his beneficial interest in the property since transfers of beneficial interests in land trusts in Illinois are private transactions and are not a matter of public record.

In their reply, defendants first contend that Old Orchard could have initiated the present fraudulent conveyance action prior to reducing its claim to judgment. Second, defendants contend that Old Orchard's complaint is deficient since under Illinois law parties are required to plead in the complaint facts which would explain why the discovery of the fraud could not have

---

**3.** Below is the provision in the divorce decree which provides for the debtor's conveyance of his beneficial interest in the subject property to his wife:

ARTICLE IV
Lump Sum Settlement in Lieu of Periodic Allowances for Wife

1. Upon the effective date of this Agreement, Husband shall deliver to Wife all his right, title and interest in and to the marital residence commonly known as 5 Mockingbird Lane, Oak Brook, Illinois, and legally described on the rider attached to this agreement and in addition shall pay to the Wife the sum of $260,000.00 in payments of $500.00 per week as a lump sum settlement in lieu of maintenance or periodic allowance. The aforesaid transfer when made by Husband to Wife shall be in full complete settlement of all claims or rights held or asserted by Wife against Husband, for periodic allowance, support or maintenance, past, present, or future, and Wife shall have no further claim against Husband for periodic allowance, support, or maintenance, and she shall be forever barred from asserting such claims.

occurred sooner. Therefore, the defendants conclude that the present action is barred by the statute of limitations because Old Orchard failed to make this specific pleading in its complaint.

Finally, the defendants contend that Old Orchard could have known of the debtor's conveyance of his beneficial interest in the property since the Josefiks' divorce decree—which contains the provision providing for the conveyance—is a matter of public record. In essence, the defendants are asserting that if Old Orchard had exercised due diligence it could have learned of the debtor's conveyance back in 1981, and it could have timely filed a fraud action against the debtor and the other named defendants.

The Court shall now address the issues raised by the parties.

## DISCUSSION

### I.

■ When applying state substantive law, federal courts look to the limitations act in the forum state since there is no general federal statute of limitations. *Suslick v. Rothschild Securities Corporation,* 741 F.2d 1000, 1004 (7th Cir.1984). The appropriate statute of limitations for fraud actions in Illinois is the five-year limitations imposed by Ill.Rev.Stat. ch. 110, ¶ 13–205 (1981), which provides, *inter alia,* that "all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued." The Supreme Court of Illinois has held that this portion of the limitations act governs the time which fraud actions can be brought in Illinois. *Rozny v. Marnul,* 43 Ill.2d 54, 69,

250 N.E.2d 656, 664 (1969) (this case analyzed Section 15 of the Limitations Act) (Ill.Rev.Stat. ch. 83, § 16 [1969]), which was recodified as Ill.Rev.Stat. ch. 110, ¶ 13–205 (1981); *see, Kinsey v. Scott,* 124 Ill.App.3d 329, 79 Ill.Dec. 584, 463 N.E.2d 1359 (1984). In short, Illinois law requires that fraud actions must be brought within five years after the cause of action accrued. Ill.Rev.Stat. ch. 110, ¶ 13–205.

■ In reviewing Old Orchard's complaint it is abundantly clear that Old Orchard is bringing a fraud action against the defendants, and resort must be made to the substantive law of fraudulent conveyances as developed in Illinois.[4] Old Orchard's cause of action regarding the alleged fraudulent conveyance accrued on February 5, 1981, which was the date Nancy Josefik accepted her husband's assignment of his beneficial interest in the property. Old Orchard's complaint was filed on October 22, 1986. On the facts as alleged on the face of Old Orchard's complaint, Old Orchard's fraudulent conveyance action is barred by the five-year limitations period imposed by Ill.Rev.Stat. Chapter 110, Par. 13–205 (1981).

Old Orchard has presented two arguments which it believes will defeat the bar imposed by the five-year limitations period.

### II.

■ The initial argument is that the statute of limitations began to run on October 29, 1985, which was the date Old Orchard reduced its monetary claim against Mr. Josefik to judgment in the state court lawsuit. The Court is not persuaded. This contention must be analyzed in light of

---

**4.** Section 544(b) of the Bankruptcy Code incorporates by reference the forum state's law of fraudulent conveyances when it provides, *inter alia,* that "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is *voidable under applicable law* by a creditor holding an unsecured claim ..." 11 U.S.C. § 544(b) (emphasis supplied) Since the bankruptcy court is applying the forum state's substantive law of fraudulent conveyance in actions brought under Section 544(b), the bankruptcy court is required to apply the forum state's statute of limitations governing fraudulent conveyances. *See, Suslick,* 741 F.2d at 1004.

Given the date the alleged fraudulent conveyance occurred in the case at bar (or February 5, 1981), and the date the debtor filed his Chapter 7 petition (or June 18, 1986), Old Orchard would appear to be precluded from utilizing the federal fraudulent conveyance provisions of the Bankruptcy Code since such conveyances can only be avoided so long as the transfer occurred within one year before the date of the filing of the petition. *See,* Section 548, 11 U.S.C. § 548. Similarly, Old Orchard could not pursue a preference action under Section 547 since such transfers must have occurred within one year from the date the petition was filed. *See,* 11 U.S.C. § 547(b)(4).

Rule 18(b) of the Federal Rules of Civil Procedure, which rule is made applicable to this adversary proceeding by Bankruptcy Rule 7018. Rule 18(b) provides:

(b) *Joinder of Remedies; Fraudulent Conveyances.*

Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. In particular, *a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to him without first having obtained a judgment establishing the claim for money.* (emphasis supplied)

Fed.R.Civ.P. 18(b).

Rule 18(b) changes the former rule which required plaintiffs to reduce their claims to judgment before prosecuting their fraudulent conveyance actions. *See, Braun v. American Laundry Machine Company,* 56 F.2d 197 (S.D.N.Y.1932). The adoption of Rule 18(b) was an attempt to bring the Federal Rules of Civil Procedure in conformity with Sections 9 and 10 of the Uniform Fraudulent Conveyance Act.[5] The Seventh Circuit has long ago observed that under Rule 18(b) "there is no longer any necessity of obtaining [a] judgment but plaintiff may pursue his demand for judgment and his suit to have the conveyance set aside in one suit, without further formality." *Graff v. Nieberg,* 233 F.2d 860 (7th Cir.1956); *see also, United States v. Johnston,* 245 F.Supp. 433, 435 (W.D.Ark. 1965)

Parties in similar situations have used the argument now presented by Old Orchard without success. In the case of *Combs v. Chambers,* 283 F.Supp. 295 (N.D.

Okla.1968), the district court rejected the defendant's argument that the plaintiff had to "first reduce his claim to judgment in the Oklahoma courts before proceeding on his claim for relief from the allegedly fraudulent conveyances." In that case, the district court held that since Rule 18(b) "allows the joinder of claims in a single action where previously one of the claims must have been reduced to judgment to permit prosecution of the other" the plaintiff was entitled to proceed on his fraudulent conveyance action—which action was recognized by Oklahoma law—despite the fact that his monetary claim had not been reduced to judgment in the Oklahoma courts. *Id.* at 296, 297. Similarly, the application of Rule 18(b) to the present case mandates the same result. Assuming that the debtor had filed his Chapter 7 petition before the limitations period had run, Old Orchard could have brought the present action for fraudulent conveyance against the defendants prior to the time its monetary claim was reduced to judgment in the state court. This is one of the results Rule 18(b) was apparently designed to reach. *See, Combs,* 283 F.Supp. 295.

Similarly, under Illinois law, as the defendants correctly observe, it is unnecessary for a creditor to reduce his claim to judgment before pursuing a fraudulent conveyance action. As one court has stated, "it is not essential that a non-tort claim be reduced to judgment, or that legal action be initiated with respect thereto, prior to a creditor's bringing an action to set aside an alleged fraudulent conveyance which has frustrated collection of such a claim." *Reagan v. Baird,* 140 Ill.App.3d 58, 94 Ill.Dec. 151, 157, 487 N.E.2d 1028, 1034 (1985). *See also, Menconi v. Davison,* 80 Ill.App.2d 1, 225 N.E.2d 139 (1967).

---

**5.** Section 10 of the Uniform Fraudulent Conveyance Act provides:

Section 10. *Rights of Creditors Whose Claims Have Not Matured*

Where a conveyance made or obligation incurred is fraudulent as to a creditor whose claim has not matured he may proceed in a court of competent jurisdiction against any person against whom he could have proceeded had his claim matured, and the court may,

(a) restrain the defendant from disposing of his property,

(b) appoint a receiver to take charge of the property,

(c) set aside the conveyance or annul the obligation, or

(d) make any order which the circumstances of the case may require.

The courts' reasoning in the cases cited and relied upon by Old Orchard is not instructive since the courts were focusing on creditors whose status were either contingent, as in the case of *Circle Security Agency, Inc. v. Ross*, 99 Ill.App.3d 1111, 55 Ill.Dec. 110, 425 N.E.2d 1283 (1981), or whose rights were undetermined, as in *Kelly v. Chicago Park District*, 409 Ill. 91, 98 N.E.2d 738 (1951). These cases are better read to stand for the proposition that a creditor whose status is contingent or whose rights are undetermined are not entitled to pursue a cause of action until such time as their status as a creditor becomes fixed, and until such time as their rights become determined. This proposition must not be confused with the general rule followed in Illinois which is that creditors are entitled to bring a fraudulent conveyance action although their non-tort claim has not been reduced to judgment. *See, Reagan,* 140 Ill.App.3d at 65, 487 N.E.2d at 1034, 94 Ill.Dec. at 157.

On this issue, the Court concludes that the statute of limitations started to run when the cause of action accrued and not when Old Orchard reduced its claim against Mr. Josefik to judgment since under Rule 18(b) Fed.R.Civ.P., as well as under Illinois state law, a creditor is entitled to prosecute a fraudulent conveyance action although their claim has not been reduced to judgment.[6] Both Old Orchard's claim and its legal rights became fully vested at the time the debtor defaulted on his personal guaranty which had been executed in favor of Old Orchard. For this reason, Old Orchard's claim was neither contingent nor were Old Orchard's rights undetermined.

The Court now directs its attention to Old Orchard's second argument that the statute of limitations is tolled until such time as Old Orchard knew or should have known of the alleged fraudulent conveyance.

### III.

Illinois courts have applied the "discovery rule." Simply stated, the discovery rule provides that the cause of action accrues and the applicable statute of limitations begins to run at the time the plaintiff knew or should have known that he was injured by the defendant's conduct. *Rio v. Edward Hospital,* 104 Ill.2d 354, 84 Ill.Dec. 461, 472 N.E.2d 421 (1984); *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.,* 61 Ill.2d 129, 334 N.E.2d 160 (1975); *Rozny v. Marnul,* 43 Ill.2d 54, 250 N.E.2d 656 (1969). Statutes of limitation are designed to encourage plaintiffs to bring actions within a reasonable time in order "to prevent the loss or impairment of available evidence and to discourage delay in the bringing of claims." *Tom Olesker's,* 61 Ill.2d at 132, 334 N.E.2d 160. The discovery rule as it relates to the purpose behind statutes of limitation was discussed by the Illinois Supreme Court in *Rozny,* 43 Ill.2d at 129, 250 N.E.2d 656, where it stated that "the basic problem is one of balancing the increase in difficulty of proof which accompanies the passage of time against the hardship to the plaintiff who neither knows nor should have known of his existence of his right to sue." *Id.* at 70, 250 N.E.2d 656. The court further noted that "where the passage of time does little to increase the problems of proof, the ends of justice are served by permitting plaintiff to sue within the statutory period computed from the time at which he knew or should have known of the existence of the

---

**6.** In the case *sub judice,* the same result is reached whether Illinois law or federal law, as set forth in Rule 18(b) Fed.R.Civ.P., is applied. [*See, United States v. Johnston,* 245 F.Supp. 433, where the district court noted that the Arkansas statute was comparable to Rule 18(b) Fed.R. Civ.P., both of which permit a claim for a money judgment and a claim to have a conveyance set aside as fraudulent to be joined in the same action.] What would be the outcome if the state law were such that creditors were required to reduce their claims to judgment prior to bring-

ing a fraudulent conveyance action? In addition, when considering that Rule 18(b) is limited by the express provisions of Rule 82, Fed.R. Civ.P., which provides that the federal rules cannot extend or limit the subject matter jurisdiction of the federal courts, would a federal court be obligated to follow the state law, or Rule 18(b)? Strong arguments could be presented in support of either position. However, the circumstance which would give rise to these issues is not before the Court.

right to sue." *Id.* Furthermore, the party asserting the discovery rule must exercise due diligence in seeking to discover facts which would have disclosed the fraud. *See, Tom Olesker's,* 61 Ill.2d at 137, 334 N.E.2d 160.

While the discovery rule is a doctrine created by the Illinois courts, the statute of limitations can also be tolled by Illinois statutory law. Par. 13–215 of the Illinois Code of Civil Procedure, Ill.Rev.Stat. Ch. 110, ¶ 13–215 (1981), provides for the tolling of the limitations period in cases where the cause of action is fraudulently concealed. Par. 13–215 provides:

> Section 13–215. Fraudulent Concealment. If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards.

Ill.Rev.Stat. ch. 110, ¶ 13–215 (1981).

It has been held that the concealment of a cause of action must consist of affirmative acts or representations which are calculated to, and in fact do, prevent discovery of the cause of action. *Zagar v. Health and Hospitals Governing Commission of Cook County,* 83 Ill.App.3d 894, 39 Ill.Dec. 112, 404 N.E.2d 496 (1980). The defendant's mere silence and the plaintiff's failure to learn of a cause of action are not sufficient to support a fraudulent concealment action. *Id.*

Federal courts have applied the equitable tolling doctrine to certain statutes of limitation. The equitable tolling doctrine found its genesis in federal common law, and it provides that "where a fraud which is the foundation of the suit has actively been concealed or is of such a nature as to conceal itself, the statute of limitations is tolled until the plaintiff has obtained knowledge of the fraud or in the exercise of due care should have obtained knowledge of the fraud." *Hochfelder v. Midwest Stock Exchange,* 503 F.2d 364, 375 (7th Cir.1974), citing *Bailey v. Glover,* 88 U.S. (21 Wall.) 342, 349, 22 L.Ed. 636 (1874); *Holmberg v. Armbrecht,* 327 U.S. 392, 396, 66 S.Ct. 582, 90 L.Ed. 743 (1946).[7] The equitable tolling doctrine "is read into every federal statute of limitations", *Holmberg,* 327 U.S. at 397, 66 S.Ct. at 585, "including state statutes adopted by federal law", *Morgan v. Koch,* 419 F.2d 993, 997 (7th Cir.1969). However, the application of the equitable tolling doctrine to the case at bar would not be appropriate since Old Orchard's fraudulent conveyance action is predicated on state common law and thus the state rules tolling the statute of limitations would govern, unless it is shown that those rules are inconsistent with the Constitution and laws of the United States. *See, Board of Regents of University of State of New York v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980); *Suslick,* 741 F.2d at 1005.

In the case at bar, Old Orchard asserts that it learned that Mr. Josefik had conveyed his beneficial interest in the property to his wife was when it took Mr. Josefik's deposition on March 25, 1986. Old Orchard further maintains that it could not have known of Mr. Josefik's conveyance since transfers of beneficial interests in land trusts in Illinois are private transactions and are not a matter of public record. In response, the defendants argue that Old Orchard could have known of Mr. Josefik's conveyance prior to the expiration of the limitations period if it had exercised due diligence and that Mr. Josefik's conveyance was a matter of public record since the

---

**7.** The rationale behind the equitable tolling doctrine was discussed in *Morgan v. Koch,* 419 F.2d 993, 997 (7th Cir.1969), where the court observed that the doctrine was "developed to prevent wrongdoers from concealing their actions and then perpetrating a further fraud by using the statute of limitations as a shield ... such action would [citation omitted] make the law which was designed to prevent fraud the means by which it is made successful and secure." The court further observed that "the statute is tolled only for those who remained ignorant through no fault of their own. Unawareness of facts or law, alone, does not justify suspending the operation of the statute." *Id.* [citations omitted] Finally, the court noted that the party which seeks the protection of the equitable tolling doctrine must exercise reasonable care and diligence in seeking to learn the facts which would disclose the fraud. *Id.*

Josefiks' divorce decree contained the provision which provided for the conveyance.

■ There are genuine issues of material fact present in this case and, thus, summary judgment would not be appropriate. *See, Moutoux,* 295 F.2d 573; Rule 56, Fed. R.Civ.P. Whether Old Orchard knew or should have known of Mr. Josefik's conveyance of his beneficial interest in the property to his wife are issues of material fact. This Court is not permitted to try issues of fact presented by the pleadings and affidavits. *Id.* This is precisely what the Court would have to do if summary judgment were applied to this case.

The defendants' argument that Old Orchard should have been alerted to Mr. Josefik's conveyance since it was contained in the divorce decree, which is a matter of public record, raises factual issues which cannot be resolved on the pleadings and affidavits alone. In a case involving the application of the equitable tolling doctrine, the Seventh Circuit has ruled that the issue of whether a party could have acquired knowledge of the alleged fraud prior to the expiration of the limitations period is an issue of material fact which should be resolved by trial, not by summary judgment. *Sperry v. Barggren,* 523 F.2d 708, 711 (7th Cir.1975). Taking *Sperry* into consideration, this Court will not place undue emphasis on the Josefiks' divorce decree as it relates to whether Old Orchard should have known of Mr. Josefik's conveyance.[8]

Old Orchard may seek refuge in the discovery rule if it can prove that it did not know, nor could have known, of Mr. Josefik's conveyance prior to the expiration of the limitations period. *See Tom Olesker's,* 61 Ill.2d at 136, 334 N.E.2d 160. In addition, Old Orchard may be able to seek refuge under the fraudulent concealment statute provided that it could prove that Mr. Josefik made this conveyance in order to defraud his creditors—and that the Josefiks' divorce was merely a sham, particularly since the Josefiks may be still living together. Ill.Rev.Stat., ch. 110, ¶ 13–215. In any event, Old Orchard should be afforded the opportunity to develop its case.

The Court shall now address the final issue raised by the defendants which is that Old Orchard's complaint is fatally defective and barred by the statute of limitations since it failed to include facts which would explain why the discovery of the fraud could not have occurred prior to the expiration of the limitations period.

IV.

■ The defendants' contention that Old Orchard was under a duty to specifically plead in its complaint facts necessary to explain why the discovery of its cause of action did not occur sooner is correct. The defendants' reliance on the cases cited in support of this contention, however, is misplaced.[9] Rule 9(f) provides that, "for the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter." Fed. R.Civ.P. 9(f). Rule 9(f) when taken in conjunction with a 12(b)(6) motion to dismiss

---

**8.** In *Sperry,* the court held, in part, that the issue of whether the minority shareholders could have known of the alleged fraud committed by the majority shareholders in connection with the purchase price of shares prior to the expiration of the limitations period raised genuine issues of material facts. Consequently, the district court's ruling granting summary judgment was reversed by the Seventh Circuit. In addition, the Seventh Circuit noted that the district court:

"placed *undue emphasis* upon the mere existence of these rather brief news items, two of which appeared only in Wisconsin papers, without considering the lack of any factor which might have alerted an average shareholder [referring to the minority shareholders] residing in Florida to be wary ... none of the articles indicated the share price or the number of shares outstanding and would thus not necessarily have put the [minority shareholders] on notice even if they had read them." 523 F.2d at 711 (emphasis supplied)

**9.** The cases cited by the defendants are Illinois state court cases which are applying the rules of Illinois civil pleading. The failure to make specific allegations of fraudulent concealment or discovery in a complaint is an Illinois procedural rule. *Fourdyce v. Bay View Fish Co., Inc.,* 111 Ill.App.3d 76, 80, 66 Ill.Dec. 864, 443 N.E.2d 790 (1982). *See,* Ill.Rev.Stat. ch. 110 Par. 2–619 (1983). This Court, of course, is not bound by rules of Illinois civil pleading. Instead, procedural matters of this sort are governed by the Federal Rules of Civil Procedure.

mandates the dismissal of a complaint which on its face indicates that the action brought is barred by the statute of limitations. *Kincheloe v. Farmer*, 214 F.2d 604 (7th Cir.1954); *see*, 5 C. Wright & A. Miller, *Federal Practice and Procedure*, Section 1308. Plaintiffs who seek to rely on the discovery rule have an affirmative duty to plead the date of discovery, as a material averment under Fed.R.Civ.P. 9(b), (f), or face dismissal of the complaint. *Id. See, Stewart Coach Industries, Inc. v. Moore*, 512 F.Supp. 879, 886 (S.D.Ohio 1981). This well established rule has been long followed in this Circuit. *Kincheloe*, 214 F.2d 604; *See, Contract Buyers League v. F & F Investment*, 300 F.Supp. 210, 218 (N.D. Ill.1969).

Old Orchard's complaint, on its face, is barred by the statute of limitations. Old Orchard had an affirmative duty to plead the date of discovery so that it could extricate itself from the limitation bar which it had erected by the allegations set forth in the complaint. *Kincheloe*, 214 F.2d at 605. Old Orchard has failed to meet that duty. Consequently, Old Orchard's complaint must be dismissed.

Whether Old Orchard should be afforded an opportunity to amend its complaint in order to cure the defect is an issue governed by Rule 15(a) of the Federal Rules of Civil Procedure, which rule is made applicable to this adversary proceeding by Bankruptcy Rule 7018. Rule 15(a) provides:

Rule 15. Amended and Supplemental Pleadings.

(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party

may amend his pleading only by leave of court or by written consent of the adverse party; and *leave shall be freely given when justice so requires ...* [emphasis added]

Fed.R.Civ.P. 15(a).

Rule 15(a) clearly states that "leave shall be freely given when justice so requires." The Supreme Court in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), has stated in reference to Rule 15(a) that:

In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* at 182, 83 S.Ct. at 230.

Under Rule 15(a) this Court has the authority to grant Old Orchard leave to amend its complaint so that it can plead facts which would comport with the requirements of the discovery rule, or the fraudulent conveyance statute, Ill.Rev.Stat. ch. 110, ¶ 13–215, which, thus, would make the application of the statute of limitations in this case inappropriate. Federal courts faced with similar circumstances have exercised such authority. *St. Louis Home Insulators, Inc. v. Burroughs Corporation*, 597 F.Supp. 100, 103 (E.D.Mo.1984), *aff'd* 793 F.2d 954 (8th Cir.1986).[10]

Accordingly, for the reasons stated above the defendants' motion for summary judgment is denied. The defendants' motion to dismiss the complaint is granted. Old Orchard is granted 30 days' leave to amend its complaint to conform with the standards set forth in this opinion.

---

**10.** It is interesting to note that Illinois state courts have it within their discretion to grant plaintiffs, who, like Old Orchard, have failed to plead facts which would defeat the statute of limitations, leave to amend. *In re Myers*, 120 Ill.App.3d 726, 76 Ill.Dec. 448, 458 N.E.2d 1102 (1984); *Dykema v. Dykema*, 89 Ill.App.3d 741,

44 Ill.Dec. 937, 412 N.E.2d 13 (1980). These cases stand in opposition to the authority cited and relied upon by the defendants in support of their argument that the failure of Old Orchard to plead discovery renders their complaint fatally defective.